McFadden *et al. v.* Ross *et al.*

Filed Dec. 17, 1890.

———————◆———————

126 341
133 472
126 341
134 62
126 341
151 431
126 341
154 89

No. 14,472.

## McFADDEN ET AL. *v.* ROSS ET AL.

FRAUDULENT CONVEYANCE.—*Chattel Mortgage.*—*Retention of Possession by Mortgagor.*—*Mortgage not Fraudulent.*—*Action upon Replevin Bond by Subsequent Lien-Holder.*—The court found in its special verdict that G. N., who was indebted for goods purchased, executed a note payable in three years, secured by mortgage on such goods and others to his father, J. N., for money previously borrowed. The father, who resided in another State, and was not demanding payment of the debt, when informed of the transaction for the first time, it having been conducted by an agent, accepted the note and mortgage, and the mortgage was recorded. At the time the mortgage was executed the son had no property subject to execution other than that mortgaged, and was indebted to the sellers of the goods for the larger part of it. By the terms of the mortgage the son was to retain possession until the note became due, and was not to remove, sell, assign or lease the property without the father's consent. The son, while in possession, sold a portion of the property, closed out his business, but applied no part of the proceeds on the mortgage debt. (It was not found that the father or the agent had knowledge of the sale, or consented to it). The son intended to use the debt to cover up his stock in order to delay his creditors. The father accepted the mortgage, extended the time of payment, required no accounting, and permitted the son to retain possession of the goods without supervision. The seller of the goods had the property sold on execution, and purchased it at such sale, and the administrator of the mortgagee secured the property by a replevin suit, and afterwards dismissed the action.

*Held*, that the mortgage was not fraudulent, and constituted a valid lien, and that the seller was not entitled to maintain an action upon the replevin bond for the value of the property.

SAME.—*Debtor and Creditor.*—*Extension of Time.*—*Fraud.*—The debtor may prefer his creditor by a mortgage on the stock of goods, and the fact

McFadden *et al. v.* Ross *et al.*

that there is an extension of time given, and that the mortgage pro-
vides for the retention of the property by the mortgagor, does not of
itself constitute an element or inference of fraud.

From the Shelby Circuit Court.

*J. B. McFadden, B. F. Love, H. C. Morrison* and *E. P. Fer-
ris,* for appellants.

*K. M. Hord, E. K. Adams, B. F. Davis* and *W. H. Martz,*
for appellees.

OLDS, C. J.—This is an action by the appellees against
the appellants upon a replevin bond. Trial by the court,
without the intervention of a jury, and, on proper request,
the court found the facts and stated its conclusions of law
thereon. Exceptions by the appellants to the conclusions
of law. Appellants also filed a motion for a new trial, which
was overruled, and exceptions reserved.

Errors are assigned, that the court erred in its conclusions
of law, and in overruling appellants' motion for a new trial.
The court found the facts to be : That on the 26th day of
March, 1879, the defendant McFadden, as administrator of
the estate of Joseph Nichols, deceased, brought an action in
replevin against the appellees for the recovery of certain
goods therein specified, and executed the bond in suit as a
bond in that case ; that on the 3d day of March, 1882, this
suit was instituted on said bond, the said replevin suit hav-
ing been dismissed by the appellant, the plaintiff therein, on
the 15th day of January, 1881, and judgment was rendered
by the court that the value of the goods, being the same goods
mentioned in the complaint in this action, was $401.90.

That on the 9th day of January, 1879, George D. Nichols
executed his note for money borrowed before that time, and
not for money loaned at the time to Joseph Nichols, for the
sum of $550, payable three years after date, without relief
from valuation or appraisement laws, and to secure said note
executed a mortgage on a retail stock of liquors, saloon fix-
tures, and other property as described in the mortgage in ev-

idence in this case. The property mentioned in the complaint being a part thereof, and left said note and mortgage with the appellant James B. McFadden, who had drawn up the same and directed the said McFadden to notify the said Joseph Nichols of the transaction; that said Joseph Nichols lived in Providence, R. I., and had no knowledge of such transaction until informed by said McFadden, when he accepted said note and mortgage, and directed said McFadden to have the mortgage recorded, which was accordingly done, and said mortgage recorded on the 17th day of January, 1879; the said McFadden was the agent of said Joseph Nichols until the death of Joseph, in protecting him in his interest in securing the debt, and he was the only person present to look after his interest in this behalf; that McFadden knew that George D. Nichols, the mortgagor, was in possession of said goods in the house where said George D. was retailing liquors, but never made any examination to ascertain whether the mortgaged goods were being disposed of or not; that George D., while in such possession, did sell some of the liquors, and other property mentioned in the mortgage, and closed out his business, but never applied any part of the proceeds thereof on the mortgage debt; that the said McFadden's office was near to the place of business of the said George D.; that a part of the goods mortgaged had been purchased by said George D. of the appellees shortly before the making of said mortgage and had not been paid for, but the price of said goods was the debt upon which appellees recovered their judgment and sold said goods; that said George D. Nichols had no other property subject to execution, except that mentioned in the mortgage, at the time he executed the same, and was indebted to the appellees and others for the larger part of said property; that by the terms of said mortgage it was stipulated that George D. Nichols should retain possession of said goods so mortgaged until the note became due, and if the note was not paid promptly at maturity, then said Joseph Nichols was to have the right to take and keep possession of

said property wherever it might be found, without any process of law, and the same should become the absolute property of the said Joseph Nichols; and George D. Nichols expressly agreed not to remove the said property from the place where it then was without the consent of the said Joseph, nor to sell, assign or lease the same without his consent; to use the property well, and in case of default in any of the conditions, or should the property be levied upon by execution from any court, or come into the hands of any administrator, etc., to be sold, then the mortgagee was to have the right to take immediate and unconditional possession of the same for his own use forever; that, on the 11th day of February, 1879, the appellees recovered a judgment against George D. Nichols for the sum of $——— and costs; that execution on said judgment was issued and levied upon the goods mentioned in the complaint herein (setting out an inventory of it), amounting to $401.90, and possession thereof taken by the constable, and the property was sold by said constable and purchased by the appellees; that the replevin suit in which the bond sued on was executed was begun on the 26th day of March, 1879, and the goods taken possession of by McFadden as administrator of the estate of Joseph Nichols, and afterwards, on the 15th day of January, 1881, said suit was dismissed and the property retained by said administrator, which property was of the value of $401.90; that the note and mortgage were executed for a debt that said Joseph Nichols was not demanding of his son, the mortgagor, at the time, and said George D. Nichols intended to use the debt to so cover up his stock and business that his creditors would be delayed and hindered in the collection of their debts, and that Joseph Nichols accepted the mortgage as written, and permitted the goods to remain in the possession of his son, and extended the time of payment of his debt for three years, and required no accounting, and permitted his son to retain possession of the goods without supervision; that at the time of the execution of said mort-

gage the mortgagor resided in Shelbyville, Shelby county, Indiana, and the goods were in his business house in said city of Shelbyville, and the mortgage was duly recorded in the recorder's office of said Shelby county.

Upon these facts the court stated its conclusions of law as follows :

" Said mortgage is fraudulent and void as to creditors, and is no defence to this suit; that said plaintiffs are entitled to judgment against the defendants on the undertaking sued on in the sum of $401.90, the value of the goods taken under the replevin proceedings, with interest from the 15th day of January, 1881, amounting in the aggregate to the sum of $556.56."

The fact that the goods mortgaged, or a portion of them, had been purchased of the appellees within a short time prior to the execution of the mortgage gives to the appellees no additional rights in this case other than they would have as creditors of the mortgagor. They are not claiming the goods by reason of a failure of the purchaser to pay for them in accordance with his contract or by reason of their purchase by him with a fraudulent intent. After the execution of the mortgage the appellees affirmed the sale, took judgment on their account for the goods, had an execution issued, and levied upon and sold the goods, and became the purchasers at the sale on execution, and the claim or right they assert to the goods in this action is by virtue of their purchase at the sale of them on their execution. *O'Donald* v. *Constant,* 82 Ind. 212.

The facts found show that the note and mortgage executed to Joseph Nichols were given for a valuable consideration, the consideration being money loaned by the mortgagee to the mortgagor. There are no facts found which tend to show that Joseph Nichols had any knowledge of a fraudulent intent on the part of George D. Nichols to hinder or delay his creditors, or that he had no other property subject to execution.

The son had a right to prefer his father and secure the debt due him. Whether his father was at that time demanding payment of it or not would make no difference. The son was owing him a *bona fide* debt, and he executed a note for the amount, and a mortgage on his goods securing it, and his father, when notified of their execution, accepted them and had the mortgage recorded.

There are no facts found which tend to show that Joseph Nichols did not at all times act in the best of faith and with an honest purpose. The fact that there was an extension of time given, and that the mortgage provided for the retention of the property by the mortgagor in and of themselves, constituted no element, or even inference, of fraud. Such a mortgage has been held by this court to be valid, and that " a fraudulent intent can not be judicially inferred from the fact that the mortgagor, by the terms of the mortgage, may remain in possession with leave to sell the property, even though he be not, by stipulation in the mortgage, required to account for the proceeds of such sales." *Fisher* v. *Syfers,* 109 Ind. 514.

It is suggested by counsel for appellees that a mortgage executed to secure a pre-existing debt does not make the mortgagee a *bona fide* holder as against, and so as to cut off, prior equities, and authorities are cited in support of this contention.

There is no question of prior equities or innocent purchasers involved in the case.

George D. Nichols was indebted to the appellees and his father, Joseph Nichols ; he executed a mortgage on his property to Joseph Nichols, and afterwards the appellees sued George D. Nichols and obtained a judgment, and had execution, and sold the property mortgaged, and became the purchasers. The appellees were subsequent lien-holders, and sold and purchased the property subject to the mortgage of Joseph Nichols.

To render the mortgage fraudulent and void it was neces-

McFadden *et al. v.* Ross *et al.*

sary to show fraud, or knowledge of the fraud, on the part of the mortgagee.    *Willis* v. *Thompson,* 93 Ind. 62; *First Nat'l Bank* v. *Carter,* 89 Ind. 317.

There is no fact found showing that he had any such knowledge, or that he did not act in the utmost good faith. The facts found showing that McFadden was the agent of Joseph Nichols, and had his office near to the place of business of George D. Nichols, and that no accounting was required, do not establish any fraud on the part of the mortgagee.    The note and mortgage were executed on the 9th of January, 1879, and Joseph Nichols died, and McFadden was appointed administrator, and brought a replevin suit for the goods on the 26th day of March, 1879, less than three months from the date of the execution of the mortgage, and it is not found that either Joseph Nichols or McFadden had any knowledge of a sale of any portion of the mortgaged goods, or that they, or either of them, ever consented to any such sale.

Under the facts found by the court the mortgage in favor of the estate of Joseph Nichols was a valid lien upon the property, and the appellees were not entitled to judgment against the appellants for its value.

The court erred in its conclusions of law, and for such error the judgment must be reversed.

Judgment reversed, with costs, with instructions to the court below to sustain the motion for a new trial.

Filed Dec. 17, 1890.