A. A. LAGOMARCINO & COMPANY, Appellees, v. N. QUATTROCHI, Appellee; S. FERROCANO, Intervenor, Appellant.

Attachment: INTERVENTION: PLEADING: BURDEN OF PROOF. A petition of intervention in an action by attachment, wherein certain personal property had been seized, alleged that, at the date of the levy, and at the time of filing of said petition, the intervenor was the owner of the property, that he acquired such ownership by purchase from time to time of the attachment defendant, and that the same

was in his possession at the time of the levy of the attachment. The attachment plaintiff, for answer to said petition of intervention, denied that the intervenor was on the day when he filed his petition the owner of the property, or entitled to its possession. *Held*, that the burden was upon the intervenor to prove that he was the owner of the property at the date of filing his petition.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

WEDNESDAY, MAY 11, 1893.

THE plaintiff brought its action on account for goods sold and delivered, and aided it by an attachment by virtue of which a stock of goods was seized in a certain building. The defendant made default, and judgment was entered against him for four hundred and sixty-seven dollars and costs, and the attachment was sustained on the twenty-first of April, 1892. On the twenty-fourth of November, 1891, the intervenor filed his petition, claiming to own the property attached by purchase from the defendant. On the twenty-sixth of April, 1892, intervenor amended his petition by averring that prior to and at the time of the levy of the attachment the goods were in his possession, and were taken therefrom by virtue of the attachment. The following is the first division of the answer filed by the plaintiff to the intervention petition filed April 25, 1892: "*First.* Deny that the said intervenor was on the day when he filed his petition of intervention the owner of the property in his petition described, or entitled to its possession. The plaintiffs further say that on December 2, 1891, the intervenor filed a delivery bond with the sheriff, which was accepted, and the goods claimed by intervenor were then delivered to him, and he still retains them." There are three other divisions of the answer, each of which contains only matters of affirmative defense. To the amendment to the petition no answer was filed. A

jury was impaneled on the issue thus presented, and the court held that the burden of proof was with the intervenor, and directed him to proceed. To this ruling the intervenor excepted, and declined to introduce evidence; whereupon a verdict was ordered for the plaintiff, and judgment was entered thereon, from which the intervenor appeals.—*Affirmed*.

*Horan & Devitt* and *Detwiler & Doran*, for appellant.

*Newman & Blake* and *Jayne & Hoffman*, for appellee.

GRANGER, J—The only question for determination is that of the burden of proof. It is held by the appellant that the answer "does not contain a denial of anything alleged by the intervenor." The property was taken on the attachment from "A. A. Conklig's frame building" as the property of the defendant. The intervenor's petition recites "that he is the owner of the personal property in A. A. Conklig's frame building; * * * that this intervenor was at the date of the said levy, and now is, the owner of said property; * * * that this intervenor acquired the said goods by purchase from said defendant from time to time," etc. Under these averments, the intervenor can recover only by proof that he owned the property at the date of the filing of his petition. If he did not then own the property, he could not recover. This ownership could be established by the admissions of the plaintiff or by proofs of the defendant. The fact of ownership would be admitted, if not denied. The answer of the plaintiff says in terms: I "deny that the said intervenor was on the day when he filed his petition of intervention the owner of the property, * * * or entitled to its possession." It seems to us that this is a plain denial of ownership.

Importance is attached to the fact that intervenor's possession at the time of the levy is not denied, and

the rule of law is urged that possession of personal property is presumptive evidence of ownership. See 1 Greenleaf on Evidence, section 34; *Wallace v. Wallace*, 62 Iowa, 651. The rule does not apply to this case. This property belonged to the defendant, under the claims of both parties, at one time; and the real issue was, as presented, had the intervenor purchased it? He averred that his ownership was by purchase. Mere possession would not prove purchase. Under the intervenor's statements, if he had not purchased the property, he did not own it. We think he assumed by his pleading the burden of showing a purchase. The district court did not err, and its judgment is AFFIRMED.