## SWOFFORD BROS. DRY GOODS CO., VS SMITH—McCORD DRY GOODS CO.

### Opinion delivered September 19, 1896.

*1. Attachment—Interpleader—Burden of Proof.*

Where an interpleader in an action under § 356 Mansf. Dig. does not assail the regularity or the validity of the attachment proceedings, but denies ownership or right in the attachment defendant, and asserts it in himself the burden of proof is on him as to all the facts essential to his cause of action or his right of proceedings in the particular case.

*2. Trial—Issues.*

The case was tried below solely upon the theory that only the questions of the interpleader's interest in the property was involved. It was not necessary for plaintiff to make proof of the issues and levy of the writ of attachment.

*3. Rightfulness of Attachment—Time of Trial.*

Issues as to the right of property between interpleader and plaintiff may be tried without waiting for the disposition of the issue between plaintiff and defendant. With this issue interpleader has nothing to do.

*4. Verdict—Modification by Court.*

The jury returned a verdict finding "the issues in favor of the plaintiff." The court amended the verdict after discharge of

the jury, by adding after the word "Plaintiff" the words, "and against the interpleaders. *Held*, That as the only issue being tried, that between the plaintiff and interpleader the verdict was sufficient and if not sufficient the intent was manifest and the court was authorized to modify or enlarge the verdict wherein he recorded it as informal.

*5.  Instructions.*

The court charged the jury that if "the instrument relied on as a basis of title by the interpleaders was executed in a loan to secure an indebtedness of the mortgagor and to protect the property of mortgager and to hinder and delay his creditors and this was known at the time by the mortgagees, said instrument would be fraudulent and void as to creditors, provided you also find that said instrument was a fraudulent contrivance for that purpose, and that the mortgagees participated in the fraud." *Held*, That the charge states the law as favorably as appellants can ask.

*6.  Instruction.*

The court charged the jury that the instrument relied on by the interpleaders is on its face a mortgage and purports to convey all the defendant choses in action no matter where situated, used by defendants in connection with their business. That if they found from the evidence, that it was the understanding of all parties that the words "choses in action" were intended to embrace the notes and accounts of the mortgagors, and that the mortgagors were to remain in possession of any such property and use, and dispose of it as their own, and they did so use, and dispose of it, said instrument would be void as to attaching creditors. The court also instructed the jury that if they found from the evidence that said mortgage covered the notes and accounts of the mortgagors and the said notes and accounts were in the possession of defendants that then under the condition of such mortgage, defendants were the agents of said mortgagees, and that, that fact of itself was no fraud upon the creditors unless the mortgage was wrongfully given by defendants and that such notes, and accounts were conveyed to and accepted by the interpleaders, with the fraudulent intent to hinder and delay the creditors of the defendants and for the

purpose of securing the indebtedness due to them.  *Held*, Not erroneous.

7. *Written Instrument—Intent—Varying by Parol Testimony.*

Parties to a written instrument are conclusively held to intend what is expressed upon its face and if its terms are fraudulent, it can not be supported by proof that they were inserted through inadvertence or mistake.  But proof is admissible to show that the parties intended that act should be done under the instrument inconsistent with the provisions of the deed.

8. *Charge of Court Must be Considered in its Entirety.*

The charge of the court must be considered as an entirety and it will be assumed that the jury so construed it.

9. *Fraud—Evidence of Other Fraudulent Acts.*

Evidence of other fraudulent transfers or acts at or about the time of an alleged fraudulent transfer, is admissible upon the question of the grantors intent in the execution of the convey-ance attacked.

10. *Objection to Testimony—Record.*

Objection to the introduction of testimony cannot be raised in the Appellate Court, when the record does not show that such objection was made in the trial court.

11. *Written Instrument—Evidence to Show Intent.*

In an action between interpleader and mortgagee, it is not error for the court to refuse to allow the mortgagor to testify that it was not intended that the choses in action mentioned in the mortgage should be included therein.

Appeal from the United States Court for the Northern District.

Wm. M. Springer, Judge.

Action by Smith-McCord Dry Goods Company against S. M. Perry and others.  Attachment.  Swofford Bros. Dry Goods Co., interpleader.  Judgment for plaintiff.  Interpleader appeals.  Affirmed.

The Smith-McCord Dry-Goods Company, appellees, instituted this action in the United States Court for the Indian Territory, First judicial division (now the Northern district of said court), against S. M. Perry, J. H. Langley, Lafayette Langley, and E. C. Langley, alleged co-partners in trade, doing business under the name of S. M. Perry, to recover an indebtedness of $165.85, claimed to be due for goods sold and delivered by appellees to said firm of S. M. Perry. On January 1, 1895, appellees also procured a writ of attachment against the firm of S. M. Perry, upon the ground that said firm had sold, conveyed, or otherwise disposed of their property, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder, and delay their creditors. This writ of attachment was on January 4, 1895, levied upon a storehouse and a stock of boots and shoes, in the town of Adair, Ind. T., as the property of the firm of S. M. Perry. Thereafter, appellants, the Swofford Bros. Dry-Goods Company and the I. Stadden Grocery Company, interpleaded in the action; gave bond for and claimed the property levied upon in the attachment by virtue of a certain chattel mortgage executed by the firm of S. M. Perry to appellants, bearing date December 28, 1894, and filed in the office of the clerk of the United States Court on December 29, 1894. Appellants alleged that said mortgage was executed to them to secure a bona fide indebtedness, as set out in said mortgage, due from S. M. Perry & Co.; and that possession of the said stock of merchandise was delivered to them contemporaneously with the execution of said mortgage; and that they were in the actual possession of the said stock of goods at the time of the levy of the attachment herein. The mortgage purported to secure an indebtedness of $1,450, due to the Swofford Bros. Dry-Goods Company, and of $1,072, to the I. Stadden Grocery Company. The indebtedness to the two firms was made payable one day after date of the mortgage. The mortgage covered a one-story frame building,

furniture, fixtures, appliances of trade, all kinds of goods, wares, merchandise, choses in action, and chattel property owned by the mortgagor, and in or about the said store building in Adair, Ind T. Appellees answered the interplea, admitting the indebtedness set out in the mortgage, but attacking that instrument on the ground that it was given in fraud of creditors, participated in by appellants. The issues thus raised between the interpleaders (appellants herein) and appellees were tried before a jury, and resulted in a verdict and judgment for appellees, from which judgment this appeal is prosecuted.

*Denison & Maxey, Dillard & Padgett* and *Hutchings & English*, for appellant.

1.    The evidence of plaintiff was fatally defective and insufficient to sustain a verdict. In order to entitle them to offer any evidence it was necessary for them to justify under their attachment and to have shown a lien by virtue of the levy of a valid process. The burden was on them in any case. Rosewater vs Schwab Clothing Co., 58 Ark. 446; Sannoner vs Jacobson & Co., 47 Ark. 40; Kinnear vs Brunett, 28 Pac. 327; Sanger vs Flow, 48 Fed. 152. The attachment papers are not a part of the record in this case and could not be made so except by their introduction in evidence. Guy vs Lee, 2 So. 273; Dollins vs Pollock, 7 So. 984; Harris vs Dougherty, 11 S. W. 921; Jackson vs Barn, 74 Ala. 328. The attachment suit, and the claimants issue are separate suits Atkinson vs Foxmuth, 53 Miss. 747. And if separate suits, the records must be separate. The record in one is not the record in the other. The interpleader is not allowed to attack the attachment for irregularities, for the very reason that the two suits are separate and distinct. Neal vs Newland, 4 Ark. 459; Gibson vs Willson, 5 Ark. 422; Lathan vs Selkirk, 11 Tex. 314; Shinn on Attach., § 437; Dickman vs Williams, 50 Miss. 500. In this case the attachment issue

had been tried by a jury and it had failed to agree, and no trial therefore, under an orderly and proper practice should have been had as to rights of property until that issue was disposed of. Holiday vs Cohen, 34 Ark. 718; Waples-Platter vs Low, 55 Fed. 93. The issue arising on the interplea should settle the whole case. Hershy vs Clarksville Ins. Co. 15 Ark. 128.

2. The verdict was not responsive to the issue in the case, and was so fatally defective that the judgment required by law could not be entered on it. Adams vs Hobbs, 27 Ark. 1; Tobias vs Triest, 15 So. 916.

3. The burden of proof was on the plaintiff to connect the mortgagees with the fraud of the mortgagors. Stevens vs Ottenheimer, 35 Ark. 492. No information of any fraud is brought home to mortgagees and none attempted, except as to the agent of one of the mortgagees. Morris vs Lindeauer, 54 Fed. 23; Wood vs Keith, 60 Ark. 425. The notes were left in the hands of the mortgagors as agents of the mortgagees, to collect for them, and the proof is clear that the mortgagees knew nothing whatever of their misappropriation. Fillner vs Bumgarner, 17 S. W. 587.

4. Neither a vendor nor a mortgagor can do or say anything to disparage the title of the vendee or his mortgagee after the transaction. Boz vs Schneider, 6 S. W. 402; Orr vs Needles, 67 Fed. 990; Mfg. Co. vs. Creary, 116 U. S. 116.

*John B. Turner* and *James B. Burckhalter*, for appellee.

1. It was not necessary to justify under the writ of attachment, because the interplea simply raises an issue in the attachment suit. Simply an incident to it. Boone on Code Pleading, § 159a; Waples-Platter Co. vs Lowe, 54 Fed. 93; Sannoner vs Jacobson & Co. 47 Ark. 41. It was not

error to try the interplea before final disposition of the attachment issue.   Hersley vs Clarksville Institute, 15 Ark. 128.

2.   The verdict was "we the jury empannelled to try the issues herein, find the issues for the plaintiff."  This was responsive to the issues. Dyer vs Hatch, 1 Ark. 346; Wilson vs Bushnell, 1 Ark. 465; Pleasant vs Heard, 15 Ark. 404; Rosewater vs Schwab, 58 Ark. 453.  Where the intent of the jury is clearly manifest, it is the duty of the court to reduce the verdict to its proper form. Woodruff vs Webb, 32 Ark. 612; Neal vs Peevy, 39 Atl. 337; 2 Thompson on Trials, §§ 2642, 3, 4.  The title of the cause is no part of the verdict, but simply serves to indentify the cause in which the verdict is rendered.   2 Thompson on Trials § 2645.   If the judgment is not such as should have rendered on the verdict, this court will correct it and enter the proper judgment.   Tobias vs Triest, 15 So. 914.

LEWIS, J.   (after stating the facts.)  1.   It is urged by appellants (interpleaders below) that the verdict for the appellees is not supported by proof of the issuance and levy of the writ of attachment, such papers not having been offered in evidence.   It may be doubted if this objection, if the record sustained it, could inure to the interpleaders' benefit in this action.   They prosecute their claim under section 390, Mansf. Dig. Ark., which enacts:  "When a sheriff shall levy a writ of attachment upon property claimed by a person not a party to the suit, such person may make oath to the property, and the same shall be delivered to him upon his giving bond in favor of the plaintiff [omitting further provisions."]  Under this statute, the interplea (which is in other jurisdictions known as "intervention") presupposes the existence and levy of a writ of attachment upon the property claimed.   These must be, as they have been held, jurisdictional facts, essential to exist, before the third party

can intervene in the suit of others. Insurance Co. vs Teague, 78 Ala. 147. If the record fails to disclose these facts, then it fails to show the facts by virtue of which alone the interpleader can lawfully be treated as a party to this action. It seems reasonable to require of him to show the facts whose existence are necessary to bring into life his right of interpleading. At least, if the court takes notice of its own process to the extent of letting the interpleader into the action without other proof, it should not, as soon as he is in, cease to know the facts by which he is before it, and give him judgment because of the defect of proof of the facts which alone warrant his presence. Section 356, Mansf. Dig. Ark., gives the right to a third person—First, to contest the validity of the attachment; or, second, to set up claim or lien to the property seized. Section 390 also gives the latter right, but provides a different procedure. In this case the interpleader does not deny the validity of the attachment, but asserts lien upon the property seized. When the interplea is a denial of the attachment, and plaintiff's right to hold the property because of some vice or defect in the attachment proceedings, the burden is upon the attachment plaintiff to show the levy of a valid process and prima facie ownership in the attachment defendant before it is necessary for the claimant to introduce any evidence. But where the interpleader does not assail the regularity or validity of the attachment proceedings, but denies ownership or right in the attachment defendant, and asserts it in himself, the burden **Burden of proof.** is on him as to all facts essential to his cause of action or his right of proceeding in the particular case. 1 Shinn, Attach. § 437. The cases cited, imposing the burden of proof upon the plaintiff where ownership of the attached property was asserted by a third party, were decided under special statutes so enacting. Jackson vs Bain, 74 Ala. 329; Code Ala. 1876, § 3343; Mandel vs McClure, 14 Smedes & M. 11; Hutch. Code Miss. pp. 820, 903; Sayles, Civ. St. Tex. arts. 4838, 4839.

(22)

Apart from these considerations, the objection cannot be sustained. The interplea states: "That the property levied on by the marshal in this case is the property of the interpleaders, and they were entitled at the time of the levy of the attachment in this cause to the possession thereof." Appellees deny such ownership. It was, by stipulation agreed that the property in controversy is the same property conveyed by the mortgage introduced by interpleaders, and the same property levied on under the writ of attachment of the Smith-McCord Dry Goods Company against S. M. Perry. The interpleaders gave bond; issue was joined; evidence introduced; instructions requested,—which indicate that the case was tried below solely upon the theory that only the

Question involved.

question of the interpleaders' interest in the property was involved. We think, under the circumstances, the parties should be held to their trial court theory. Elliott, App. Proc. §§ 489 et seq.

2. Appellants went to trial without objection before the disposition of the issue between the plaintiffs and defendants as to the rightfulness of the attachment. With this issue interpleaders had nothing to do, and it is not perceived why they should be compelled to await its determination. It is so held in the parent state from which the Arkansas Code is taken. Taylor vs Taylor, 3 Bush (Ky.) 118. See, also, 1 Shinn, Attachm. § 431. In any event, appellants did not object at the trial to proceeding before its disposal, and it is too late to do so now.

3. The jury rendered the following verdict: "We, the jury, impanelled and sworn to try the issues herein, find the issues in favor of the plaintiff. Geo. M. Martin, Foreman." After the jury had been discharged by the court, the court amended this verdict by adding after the word "plaintiff" the words "and against the interpleaders." The issues the jury were sworn to try, and the only issues actually tried

and submitted to them, were issues between the plaintiffs and the interpleaders. We think the original verdict suf-· ficient to manifest the intent of the jury, and therefore to support the judgment. We think, further, that, when the intent was manifest, the court was authorized to modify or enlarge the verdict wherein he regarded it as informal. 2 Thomp. Trials, §§ 2642-2644; Woodruff vs Webb, 32 Ark. 612; Mansf. Dig. Ark. § 5083.

4. The court charged: "(5) If you should find in this case that the defendants, at the time they executed the mortgage herein, intended to cheat or hinder or delay creditors and executed the mortgage for that purpose, that alone would not justify you in finding against the interpleaders; but it would be your duty to find in favor of the interpleaders unless you should find that they took said mortgage with the view and aim to aid and forward the said design of cheating or hindering or delaying creditors. (6) If you should find that the makers of said mortgage, at the time of making the same, made . it for the purpose of cheating or hindering or delaying creditors, and as to either of the interpleaders it should not be proven to your satisfaction by. a preponderance of the evidence that such interpleader participated in the fraudulent design, and took the mortgage with the view and aim to aid and forward such design, it would be. your duty to return a verdict for such interpleader. (7) An insolvent debtor has a right to prefer one creditor to another, and he may do so by a mortgage; and other creditors, if the transaction be assailed as fraudulent, must establish fraud of the mortgagor in making and taking the mortgage; and this fraud must be against creditors, and must be in making and taking the mortgage complained of; and proof of other fraudulent acts, either of the mortgagor or mortg gee, not connected with the transaction, would not be sufficient to overturn the mortgage. Fraud is never presumed, but must be proved by a preponderance of the evidence, the presump-

tion being one of good faith in the first instance, and the burden being upon him who asserts a want of good faith; and if you believe from the evidence in this case that either the mortgagor or the mortgagees, in making and taking the mortgage in this case, acted in good faith, it would be your duty to find for the mortgagees. If you find from the evidence that the instrument relied on as a basis of title by the interpleaders was executed, not alone to secure an indebtedness of the mortgagor, but to protect the property of the mortgagor, and to hinder and delay their creditors, and this was known at the time by the mortgagees, said instrument would be fraudulent and void as to creditors, provided you <span style="margin-left:-8em">Instruction.</span> also find that said instrument was a fraudulent contrivance for that purpose, and that the mortgagees participated in the fraud." Appellants object to the last paragraph. Taking it in connection with the preceding sections, we think the charge states the law as favorably as appellants can ask, and perhaps more favorably than they were entitled to. Shelley vs Boothe, 73 Mo. 74; Bank vs Ridenour (Kan. Sup.) 27 Pac. 150; Straight vs Roberts (Ind. Sup.) 26 N. E. 73; Howell vs Bowman (Ala.) 10 South. 641; Haas vs Kraus, 86 Tex. 687, 27 S. W. 256; David vs Birchard, 53 Wis. 492, 10 N. W. 557; Smith vs Schwed, 9 Fed. 485; Wood vs Keith, 60 Ark. 425, 30 S. W. 756; Jones, Chat. Mortg. § 334. We would probably not have reached the same conclusion on this issue as found by the jury, but we think the facts required its submission to their determination, and are sufficient to support their verdict.

.5. The thirteenth paragraph of the court's charge was as follows: "The instrument relied on as a basis of title by the interpleaders is on its face a mortgage, and purports to convey all of defendant's choses in action, no matter where situated, used by defendants in connection with their business. Now, if you find from the evidence that it was the understanding of all parties that the words

'choses in action' were intended to embrace the notes and accounts of the mortgagors, and that the mortgagors, or either of them, were to remain in possession of any of such property, and use and dispose of it as their own, and that they did so use and dispose of any of such property, said instrument would be void as to attaching creditors, and you should find for plaintiffs, notwithstanding the terms of the instrument in reference to the mortgagees' custody and control of said property." The fourteenth paragraph of the court's charge was requested by the interpleaders, and given by the court, with modifications as indicated by italics: "You are also instructed that *if you find from the evidence that* said mortgage covered the notes and accounts *of the mortgagors*, and the said *notes and* accounts were in the possession of defendants, that then, under the conditions of said mortgage, defendants were the agents of said mortgagees, and that *that fact* of itself was no fraud upon the creditors, unless you find that the mortgage was wrongfully given by defendants, *and that such notes and accounts were conveyed to* and accepted by the interpleaders with *the fraudulent* intent to hinder and delay the creditors of the defendants, *and not for the purpose of securing the indebtedness due to them*." Objection is urged to the giving of the first, and to the modification of the second, of these paragraphs. The court admitted evidence that the parties did not know that the mortgage conveyed the notes and accounts, and that, consequently, no fraudulent intent should be imputed to them on that account. It is held by some authorities that the parties to a written instrument are conclusively held to intend what is expressed upon its face, and, if its terms are fraudulent, it cannot be supported by proof that they were inserted through inadvertence or mistake. This is the rule in this jurisdiction. Appolos vs Brady, 1 C. C. A. 299, 49 Fed. 401; Bump. Fraud. Conv. §§ 31, 338. It is also held by all the authorities that proof is admissible to show that the parties intended that

*Instruction.*

*Instruction.*

Written instrument. Intent.

acts should be done under the instrument, inconsistent with the provisions of the deed. This is the very essence of the fraud. The charge of the court was as favorable to the appellants as the facts warranted. Gauss Sons vs Doyle, 46 Ark. 127. It is true that, if the mortgagors were in possession of the notes and accounts as agents of appellants, their misappropriation would not, without more, avoid the mortgage. But the court did not so declare. To have this effect, the court told the jury that it must have been understood between the parties that they were to use and dispose of the property as their own. The fourteenth paragraph, as modified by the court, was more favorable to appellants than the charge requested by them. They should not, therefore, be heard to complain of it.

6. The badge of fraud referred to by the court in the fifteenth paragraph of the charge was applicable to facts established against the mortgagors. When taken in connection with the paragraphs of the court's charge heretofore set out, and particularly in connection with the fifth paragraph, it is impossible to believe that the jury could have **Instructions considered as an entirety.** understood this instruction as applying to the interpleaders. The charge must be considered as an entirety, and it must be assumed that the jury so construed it.

7. Proof was admitted, over objection of appellants, of a sale made by the firm of S. M. Perry on December 26th, to W. C. Brock, of the goods and merchandise of the first-named firm. In the details of this sale, there were circumstances sufficient to justify the inference of a fraudulent intent on the part of S. M. Perry in making such sale. A few days after this transaction, it was rescinded at the instance of the agents of the appellants, and the mortgage upon which they rely in this action was executed in their favor. It is urged that evidence of the first conveyance and the circumstances attending it was not admissible against appel-

lants.    Evidence of other fraudulent transfers or acts at or *Other fraudu-lent acts. Evidence.* about the time of the transfer  in controversy  is admissible upon the question of the grantor's intent in the execution of the conveyance attacked.    Bump, Fraud. Conv. pp. 582, 583. Such evidence, though admissible, is ineffectual against the grantee, unless it is further shown that he had knowledge of and participated in the fraudulent intent established against the grantor.    Upon this point, as we have seen, the jury were sufficiently advised.

8.    Error is assigned to the action of the court in admitting testimony of J. H. Langley, one of the parties to the mortgage set up by appellants, the effect of which testimony, it is claimed, was the disparagement of the mortgagees' title by the mortgagors, by declarations subsequent to the execution of the instrument.    It is enough to say of this objection that the record does not show that it was pre- *Objection to evidence. Re-cord.* sented to the trial court, and it cannot be raised for the first time here.    Railway Co. vs Heck, 102 U. S. 120;  Hanna vs Maas, 122 U. S. 24, 7 Sup. Ct. 1055; Newport News Co. vs Pace,  158  U. S. 36, 15 Sup. Ct. 743; Cogswell vs McKeogh, 46 Ark, 524; Railway Co. vs Brown, 49 Ark, 253, 4 S. W. 781; Elliott, App. Proc. §§ 293, 294.

Appellants sought to show by the mortgagors that it was not intended that the choses in action mentioned in the *Written in-strument.* instrument should be included  therein.    The court did not *Evidence of intent.* err in excluding such testimony.    Appolos vs Brady, 1 C. C. A. 299, 49 Fed. 401.

Finding no reversible error in  the record, the judgment is affirmed.

SPRINGER, C. J., concurs.