### WARD v. WIGGINS et al.

No. 8281—Opinion Filed May 14, 1918.

Rehearing Denied Aug. 20, 1918.

(174 Pac. 231.)

1. **Fraudulent Conveyances — Conveyances by Creditor—Validity—Statute.**

Under the first part of section 1174, Rev. Laws 1910, any conveyance of real estate made without a fair and valuable consideration is void as against all parties to whom the maker of the conveyance is at the time indebted or under any legal liability, irrespective of the question of fraudulent intent.

2. **Appeal and Error—Judgment—Reversal.**

If one, having a deed from the debtor to lands attached for the obligation of such debtor, files a plea in the attachment proceedings against the debtor setting up title to the lands under the deed and asking for an adjudication of such title as against the lien of the attaching creditor, judgment of the trial court, at a hearing, duly had on such plea, supported by competent evidence, holding that such deed is void as to creditors of the debtor and that the attachment lien is superior to any title thus acquired, will not be disturbed on appeal, in the absence of other error, duly assigned, and held to be prejudicial.

(Syllabus by Stewart, C.)

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Mrs. E. S. Wiggins, administratrix, against Walter H. Ward, F. C. Ward, and Marcella G. Ward. Judgment in attachment for plaintiff, and defendant Marcella G. Ward brings error. Affirmed.

Ledbetter, Stuart & Bell, S. M. Smith, and R. H. Nichols, for plaintiff in error.

Swindall & Wybrant, for defendant in error Mrs. E. S. Wiggins.

Opinion by STEWART, C. The plaintiff brought action on a promissory note made and executed by the defendants Walter H. Ward and F. C. Ward, at the same time attaching certain real estate situated in Ellis county. The cause coming on for hearing, Walter H. Ward and F. C. Ward defaulted,

but Marcella G. Ward, having filed answer to the petition and also a plea in the attachment proceedings setting up title in her to the attached land by virtue of deed to her from her husband, F. C. Ward, appeared by her attorneys, and trial was had as to the main suit and the issues in the attachment between her and the plaintiff. Judgment was rendered finding that Walter H. Ward and F. C. Ward were indebted to the plaintiff on the promissory note sued upon, and that the attachment lien of the plaintiff was superior to any claim of the defendants Walter H. Ward, F. C. Ward, and Marcella G. Ward in and to the real estate involved, from which judgment Marcella G. Ward appeals.

The plaintiff, in her petition, in addition to setting forth a cause of action on the promissory note against Walter H. Ward and F. C. Ward, alleged that the defendant F. C. Ward, with intent to defraud, hinder, and delay his creditors, had conveyed the real estate involved to his wife, and that said conveyance was without consideration. Neither the sufficiency of the petition nor of the attachement proceedings was challenged. Nor was the attachment affidavit traversed. The issues in the main action and in the attachment proceedings were heard and determined together by the court without objection.

The following stipulations were agreed upon between plaintiff and Marcella G. Ward, to wit:

"It is hereby stipulated and agreed by and between the attorneys in this action, Charles Swindall for the plaintiff and S. M. Smith for the defendant Marcella G. Ward, that on and prior to February 15, 1910, Charles B. Courtright was the owner of the legal and equitable title in and to the south half of the southwest quarter and the south half of the southeast quarter of section 17, township 22 north, range 23 west of the Indian meridian in Ellis county, Okla., subject only to a mortgage of several hundred dollars in favor of Thorne & Thorne, and that on said date, to wit, February 15, 1910, Charles B. Courtright joined by his wife, Jennie B. Courtright, conveyed said property to Francis C. Ward, the consideration in the deed being $4,000, subject to a mortgage of several hundred dollars in favor of Thorne & Thorne, and which said mortgage the grantee, Francis C. Ward, assumed and agreed to be a part of the purchase price; and that this is the same land that Charles B. Courtright traded to Walter H. Ward for a stock of merchandise at Mutual, Okla.

"It is further admitted that on the 10th day of October, 1913, F. C. Ward, husband of Marcella G. Ward, conveyed said real estate and premises above described to Marcella G. Ward, grantee, for the consideration named in said deed of $1; and that said deed was recorded in the office of the register of deeds in and for Ellis county, Okla., on the 21st day of December, 1914; and that the deed from Charles B. Courtright and wife to F. C. Ward was recorded on the 16th day of February, 1910."

Walter H. Ward, F. C. Ward, and Marcella G. Ward were nonresidents of the state, but had formerly resided in Ellis county, Okla., and depositions were introduced in evidence which we do not deem necessary to be considered, in view of the facts admitted in the stipulations.

The propositions of law, argued in the brief of plaintiff in error, may be summarized as follows: First. That the evidence does not show that F. C. Ward was insolvent at the time he conveyed the land to the plaintiff and does not show that he was insolvent at the time the suit was instituted, and that therefore the plaintiff in error should have had judgment discharging the attachment on the land in controversy. Second. That the proof shows that the plaintiff in error purchased the land for valuable consideration in good faith. Third. That the finding of the court was against the weight of the evidence. Fourth. That the court had no authority, under the procedure adopted, to set aside the conveyance of the land in controversy.

The petition, without question, states a cause of action as against the defendants Walter H. Ward and F. C. Ward. We do not think that a creditors' bill to set aside the conveyance made by F. C. Ward to his wife was properly maintainable under the procedure and the facts in this case; but the attachment proceedings were regular and authorized the plaintiff to establish an attachment lien, to the extent of her claim, against whatever interest Walter H. Ward and F. C. Ward had in the land. Neither insolvency of the debtor nor the reducing of the claim to judgment is, under our statutes, necessarily prerequisite to attachment. After the establishment of an attachment lien against the interest of Walter H. Ward and F. C. Ward, an equitable action could have been brought against Marcella G. Ward to enforce such lien as superior to her claim to the land. It is said by this court in Ziska v. Ziska, 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1:

"Where an attachement is levied upon real estate as the property of a nonresident de-

fendant, although title to the same stands in the name of another, the attaching creditor acquires a lien upon any interest debtor may have in such lands, which he may enforce after judgment, in a suit in the nature of a creditors' bill, and in such a case the petition need not aver execution issued and returned nulla bona; it being sufficient to aver in appropriate language the lack of any other available assets."

That part of the petition which seeks to set up a cause of action against Marcella G. Ward is unauthorized, and, if we should decide this case alone upon the petition and the answer filed, we would be compelled to modify the judgment to the extent of fixing the attachment lien only against the interest of Walter H. Ward and F. C. Ward in the land. But the records show that Marcella G. Ward filed her lien in the attachment proceedings, without questioning the sufficiency of such proceedings as against her, and set up her title and right to the land, invoking the jurisdiction and judgment of the court as to her title and right. Having thus specifically set forth her claim and asked for an adjudication thereof, she is not in a position to complain now that the judgment is supported by competent evidence. It will be remembered that the trial court did not attempt to cancel the deed, but merely held that the attachment lien was superior to any rights of the plaintiff in error thereunder. In support of the proposition that title to property as between attaching creditors and third parties may be adjudicated in attachment proceedings, we quote the rule pronounced in 4 Cyc. at page 743:

"Where a party interpleads or institutes an independent action claiming a right in the property superior to that of the attaching creditor, the burden is, as a rule, upon him to establish the validity of his claim. By statute, however; if claimant is in possession at the time of the levy, the burden has been placed upon the attaching party: and in some states the statutes impose upon the attaching creditor the duty of introducing evidence showing prima facie ownership in the debtor and that it was subject to levy, whereupon the burden of proof shifts to claimant to establish his claim. If, however, the transfer of the property to the interpleader is admitted and fraud is alleged to avoid such conveyance, the burden of proof is upon the party so alleging."

The text is supported by numerous authorities including the following: Standard Implement Co. v. Parlin & Orendorff Co., 51 Kan. 566, 33 Pac. 362; Swofford Bros. D. G. Co. et al. v. Smith-McCord D. G. Co., 1 Ind. T. 314, 37 S. W. 103; Burr v. Clement et al., 9 Colo. 1, 9 Pac. 633; Sanger et al. v. Flow, 48 Fed. 152, 1 C. C. A. 56; Hollenback v. Todd et al., 119 Ill. 543, 8 N. E. 829; Logomarcino et al. v. Quattrochi, 89 Iowa, 197, 56 N. W. 435.

Section 1174, Rev. Laws 1910, reads:

"Every conveyance of real estate or any interest therein and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration or made in bad faith or for the purpose of hindering, delaying or defrauding creditors shall be void as against all parties to whom the maker is at the time indebted or under any legal liability."

It will be observed that such section provides that a conveyance of real estate "without a fair and valuable consideration" is void as to creditors, and likewise void "if made in bad faith or for the purpose of defrauding creditors." Hence, if the defendant F. C. Ward was indebted to the plaintiff at the time the transfer was made and the conveyance was "without a fair and valuable consideration," it would follow that the conveyance would be void as to the plaintiff, whether or not the same was "made in bad faith or for the purpose of hindering, delaying or defrauding creditors." The consideration expressed in the deed is $1. While, generally, the consideration in a deed is a matter of proof, yet the plaintiff in error having solemnly admitted, in the stipulation made, that the land was conveyed "for the consideration named in said deed of $1," is bound by such admission. The land was appraised at $750, and the evidence shows that it is worth such amount or more. It cannot therefore be said that the consideration, even if valuable, was fair.

Under all the facts, the judgment of the trial court was fully sustained by competent evidence. No prejudicial error has been preserved and presented for our consideration. From the facts in evidence we feel that, in sustaining the trial court, we are not only pronouncing the law, but are meting out substantial justice.

The judgment is affirmed.

By the Court: It is so ordered.