## HARRIS, Trustee, v. HARMON et al.

No. 18567. Opinion Filed Nov. 27, 1928.

Blanton, Osborn & Curtis, for plaintiff in error.

Alvin F. Pyeatt, for defendants in error.

RILEY, J. A debtor must be just before being generous. Creel et al. v. Cloyd (Ky. App.) 152 S. W. 776.

That salutary principle is statutory in Oklahoma, for section 5271, C. O. S. 1921. provides:

"**Every conveyance of real estate** or any interest therein, and every mortgage or other instrument in any way affecting the same, **made without a fair and valuable consideration,** or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, **shall be void as against all persons to whom the maker is at the time indebted,** or under any legal liability."

In Ward v. Wiggins, 73 Okla. 46, 174 Pac. 231, it was held the italicized provision of the statute made void a deed as to the named class, (1) irrespective of fraudulent intent, or (2) solvency.

The case of First Nat. Bk. of Barnsdall v. Little, 122 Okla. 37, 250 Pac. 799, covered the same ground and went further, holding

to the same result irrespective of (1) fraudulent intent, or (2) solvency of the grantor as before, and irrespective of adjudication of the claim of the creditor.

In Lewis v. Manning, 123 Okla. 297, 253 Pac. 281, we held:

"In a suit by a trustee in bankruptcy to set aside an alleged fraudulent transfer of property by the bankrupt to his relatives, the burden is upon the defendant to show valid consideration and good faith."

See, also, Vacuum Oil Co. v. Quigg, 127 Okla. 61, 259 Pac. 858.

" 'I have never been able,' says an eminent jurist, 'to discover the principle upon which a title acquired by mere gift should, under any circumstances whatever, be deemed superior to the claims of the creditor to be paid his debt.' " 27 C. J. 547.

The donee's equity in the real property is justly inferior to that of the donor's creditor.

"No man shall be heard to say that he acted honestly and with good faith in giving away property which in equity and good conscience ought to have gone to pay his just debts." 12 R. C. L. 596.

The claims of creditors rest on legal obligations, higher than the demands of affection or generosity, and a man must be just before he is generous. 12 R. C. L. 592.

Our statute, supra, makes a voluntary conveyance of real estate fraudulent per se as to existing creditors. The part of the statute with which we are concerned does not trifle with intent, fraudulent or otherwise; in fact it is not based on the bona fides, but upon protection from the injury of those to whom the grantor debtor is legally bound. Dirks v. Union Saving Ass'n (S. D.) 168 N. W. 578. See, also, Betts & Co. v. Richardson (S. C.) 99 S. E. 815, and Jackson v. Lewis, 34 S. C 6, 12 S. E 560, where voluntary deeds were set aside at the instance of existing creditors upon the ground of constructive or legal fraud, where there was not the slightest taint of actual or moral fraud in the transaction, under the principle of law herein first above announced. McCasky v. Potts (W. Va.) 64 S. E. 908.

In Baldwin v. Kingston, 247 Fed. 163, construing the law of New Jersey, it was held a voluntary conveyance was voidable at the instance of an existing creditor. irrespective of intention or solvency. To the same effect is Williams v. Travis, 277 Fed. 134, wherein the law of Florida is construed.

The case of Allen v. Overton et ux. (Ala.) 94 So. 477, holds:

"A voluntary conveyance as to creditors existing when executed and delivered is void per se without regard to the intention of the parties, unless the property is exempt from payment of debts of the grantor."

So in Pennsylvania (American Trust Co. v. Kaufman [Pa.] 119 Atl. 479); and in Oregon (Clark v. Philomath College [Ore.] 193 Pac. 470.)

In Myers v. Harness, 116 Okla. 268, 244 Pac. 1109, it was held:

"Purchasers of land which has been fraudulently transferred to their grantor must establish the good faith of their purchase, and it cannot be presumed."

With these principles of law, we turn to the facts and find beyond dispute that A. J. Harmon owned 260 acres of land in Garvin county. He was indebted to the First National Bank of Stratford by reason of an unsecured promissory note. Joined by his wife, he executed two warranty deeds to his daughter, Ollie Womack, purporting to convey a 30-acre and a 70-acre tract of land, other than his homestead, and excepting mineral rights and reciting in said deed a consideration of $1 and other good and valuable considerations. Said grantor, A. J. Harmon, in his testimony repeatedly said he gave the land to his daughter, that he received nothing of value at the time of delivery of the deeds, his purpose being that he wanted his daughter to have a home. Counsel for defendants below, defendants in error, in his opening statement said in reference to grantor, A. J. Harmon:

"He had a perfect right then under the law to give away all his property, provided he retained sufficient to pay his debts," and "I am going to admit everything he says except one or two things. * * * We admit the conveyances, * * * admit the relationship of the party, and admit that the first conveyance was a gift to the daughter, but our answer takes issue with the charge of fraud for the purpose of defeating the payment of his claims. * * * We say that the said A. J. Harmon, at the time of the execution of the conveyances of said land to Ollie Womack, was solvent and the said conveyance was executed in good faith. * * * The testimony will show that he had personal property subject to execution at the time that he gave to his daughter a home. * * *"

On September 7, 1922, at the time A. J. Harmon purported to convey the said 30 acres of land to Ollie Womack, he executed a deed to his son, Walter Harmon, purporting to convey a 70-acre tract of land thereby, reserving mineral rights. No consideration passed, the deed was wholly voluntary; this 70-acre tract was reconveyed by Walter Harmon and his wife to A. J. Harmon, the father, within 60 days. Thereafter, and on November 6, 1922, the father, A. J. Harmon, joined by his wife, the mother, executed a deed to their daughter, Ollie Womack, purporting to convey the said 70 acres of land. The deed recited a consideration of "$1, love and affection" and reservation of the mineral rights. The evidence is that no consideration passed, but the same was a gift as before. A. J. Harmon testified that he was indebted to the First National Bank of Stratford at the time of each purported conveyance. On December 20, 1924, A. J. Harmon swore to his petition and schedules in bankruptcy within the knowledge of the son Walter and daughter Ollie. On the same date and place a deed was executed by Ollie Womack, joined by her husband, purporting to convey the entire 100 acres of land herein before considered to her brother, Walter Harmon, for a recited consideration of $1,500, subject to an $800 mortgage, and it was testified in the trial below that the consideration was represented by an unsecured promissory note, which was lost in the office of the attorney when the transactions occurred. The testimony shows there has never been any payment of interest or principal on the note, and that grantor knew when the note was executed that grantee was in financial difficulties and that he was unable to make any payments thereon.

A voluntary deed bearing the date of December 19, 1924, one day prior to execution of debtor's petition in bankruptcy, purporting to convey from A. J. Harmon to his wife, Carrie E. Harmon, all mineral rights to said 100 acres of land here involved, was canceled by judgment of the trial court, but the trial court declined to cancel the conveyances, aforementioned, from father to daughter and from daughter to brother.

The trial court's finding recited in the judgment that, although the defendant was indebted at the time he made said conveyances, the same were made for a good and valuable consideration, was not supported by any evidence in so far as a good and valuable consideration known to the law, as applied to these facts, was concerned.

The trial court expressed his view as follows:

"That a man has a right, I think, under the law of this state, if he wants to give a child a piece of property, to give it to it; that love and affection is a valid consideration for a deed, at least when the facts show as they do in this case that the girl moved down there and took care of her father and mother when they were sick and needed care and attention. That would be a sufficient consideration for a deed."

Such a view is not the law in Oklahoma, under the facts at bar. The trial court's finding of a consideration based upon an agreement to care for grantors was not pleaded or proven. There is no justification in the record for that finding. We need not consider the sufficiency of such a consideration.

Under the undisputed facts the judgment is reversed, with directions to hold void, cancel, and set aside the conveyances of 1922, heretofore mentioned and existing, from A. J. Harmon to Ollie Womack, and the conveyance of the year 1924, from Ollie Womack to W. A. Harmon.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, and HEFNER, JJ., concur.