SADDLER, Adm'x, v. SMITH.

No. 29600.    Nov. 12, 1940.

Rehearing Denied Jan. 21, 1941.

*109 P. 2d 226.*

W. A. Chase, of Tulsa, for plaintiff in error.

Woodson E. Norvell, of Tulsa, and George E. Norvell, of Seminole, for defendant in error.

GIBSON, J. This is an action by the owner of a deficiency judgment in foreclosure to establish such deficiency as a claim against the estate of the deceased debtor pursuant to sections 1233, 1239, O. S. 1931, 58 Okla. Stat. Ann. §§ 333, 339.

The judgment was originally entered in favor of a building and loan association in a foreclosure case against the decedent, Frances L. Saddler, and her husband, E. I. Saddler, and John Tyler Smith. The loan company assigned the judgment to one T. J. Elliott, who assigned to the plaintiff, W. H. Smith.

Elliott while owner of the judgment had released the same as to certain real property located in Tulsa county and belonging to the judgment debtor John Tyler Smith "only insofar as it affects the above-described property and no other, and said lien is retained and continued in force and effect as to all other property."

In her answer the defendant charges that the judgment aforesaid was the joint and equal obligation of E. I. Saddler and John Tyler Smith; that the deceased had signed the notes and mortgage merely as the wife of E. I. Saddler. It is further charged that the plaintiff, Smith, is the father of John Tyler Smith and well knew that said Elliott had released the aforesaid property from the lien of the judgment, and that said property was well worth the full amount of the indebtedness, and that the plaintiff had become the owner of the property by virtue of a deed from his son, John Tyler Smith.

It is further charged that the said John Tyler Smith in conjunction with the plaintiff has concealed or disposed of his property to such an extent that execution against him would avail nothing; that in these circumstances defendant's right of subrogation and contribution under the law has been so prejudiced that to require her to pay the entire indebtedness would be inequitable and unjust and result in the unjust enrichment of plaintiff at her expense, and that by reason of the foregoing facts and circumstances the plaintiff is now estopped and should be enjoined from asserting the right to collect more than one-half of the debt, and that he be required to reveal the value of the property, aforesaid, released from the lien of the judgment so that the equities of the parties may be properly adjusted.

After both parties had rested, the defendant moved to reopen for the purpose of introducing testimony as to the value of the property above mentioned, and offered to produce testimony showing the value thereof to be far more than the amount of the indebtedness, and that John Tyler Smith was insolvent. The court sustained plaintiff's objection thereto, and defendant charges error.

If the claim in the instant case is sustained as a claim against the decedent's estate, the same will become fixed as a charge against the entire assets of said estate, and defendant will be compelled to pay the judgment debt in full or to the extent of such assets. More than a due proportion of the debt could thereby be laid upon the property of one of the codebtors. The situation would be analogous to that defined in section 477, O. S. 1931, 12 Okla. Stat. Ann. § 831, which provides that "when property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may, regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others. * * *"

Here one-half the debt was that of John Tyler Smith. If more than half the debt is satisfied by the claim, the estate would be entitled to contribution from said Smith in an amount equal to the sum paid in excess of the one-half of the indebtedness.

But here the question is whether defendant's potential right of contribution from the other debtor, John Tyler Smith, has been so impaired by the judgment creditor as to warrant the intervention of equity to limit or deny the creditor's original legal right to make the entire debt from the property of the decedent's estate.

Though the judgment debtor in the instant case does not seek to establish a partial payment of the judgment as a credit thereon, she alleges that the release of the property as aforesaid, together with the subsequent transfer thereof from his codebtor to plaintiff, the latter's father, and the transfer of the judgment to said father, and certain other acts, constituted a design on the part of the father and son to relieve the latter of his proportionate part of the debt to the prejudice of his codebtor, the defendant, and for that reason the plaintiff was estopped to assert that the defendant was liable for more than one-half the debt, or more than that portion remaining after deducting the value of the property aforesaid.

Defendant says her evidence established a prima facie defense of fraud in the nature of a design to defeat her potential right to reimbursement from John Tyler Smith, sufficient to work estoppel as above stated. She asserts that the trial court erred in not so holding, and erred also in refusing to permit the reopening of the case to allow defendant to establish the value of said property and the insolvency of John Tyler Smith.

If there had been a fraudulent scheme on the part of plaintiff and his son to deprive defendant of her potential right of reimbursement from the son, and the scheme was about to be carried out, perhaps the trial court should have denied the creditor's claim to the extent of one-half thereof or to the extent of the value of the premises conveyed by the deed. But the only evidence submitted by defendant to establish such scheme was the relationship of the grantor and grantee in the deed and the insolvency of the grantor, her codebtor. Ordinarily, that proof would establish a prima facie case on an allegation of fraudulent conveyance, and the burden would then be on the grantee in the deed to show valid consideration and good faith. Lewis, Trustee, v. Manning, 123 Okla. 297, 253 P. 281; Harris, Trustee, v. Harmon, 134 Okla. 116, 272 P. 383. But defendant failed to show that the estate of her decedent would be compelled to pay more than one-half of the claim if allowed by the court.

The judgment of the trial court is supported by the evidence and should therefore be affirmed.

Judgment affirmed.

OSBORN, HURST, DAVISON, and NEFF, JJ., concur.