HATHAWAY et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, D. Washington, N. D. January 22, 1900.)

1. LIFE INSURANCE—FORFEITURE FOR NONPAYMENT OF PREMIUM—NEW YORK STATUTES.

Under a life policy, which was an entire contract for the life of the insured, and not a term policy, issued in New York while Laws 1877, c. 321, was in force, which provided that no forfeiture should be declared until 30 days after the giving by the company of a prescribed notice, in a prescribed manner, the rights of the parties were not affected by Laws 1892, c. 690, which repealed the former law, with a saving clause, and which re-enacted practically the same provision as to forfeiture of such policies, and further provided that, where its provisions were substantially the same as existing laws, they should be construed as continuations of such laws.

2. FEDERAL COURTS—NECESSITY OF PLEADING STATE STATUTES.

A federal court is required to take judicial notice of the general laws of the different states, and, where a party asserts rights under a state statute, the court cannot ignore a subsequent statute which affects such rights, although it is not pleaded.[1]

3. PLEADING—ISSUE AND PROOF.

Under the Code of Procedure of Washington, by which the pleadings, so far as relates to issues of fact, are closed by the reply, where a plaintiff in his reply pleads a statute of another state the defendant is entitled to show, without further pleading, that such statute has been repealed or amended by a subsequent statute.

4. LIFE INSURANCE—FORFEITURE FOR NONPAYMENT OF PREMIUMS—NEW YORK STATUTE.

The New York act of 1897 amending Laws 1892, c. 690, by enacting that the provision of such law which required a notice to be given before the forfeiture of a life insurance policy could be declared for nonpayment of premiums should protect such policy from forfeiture for one year only, and that it should become forfeited in accordance with its terms, and without notice, at the expiration of a year from the time of the default, is not retroactive, and did not operate to work an immediate forfeiture of a policy previously issued, upon which the insured had been in default for more than a year prior to the taking effect of the act, where such policy was not a term policy, but an entire contract for the life of the insured, which had not, therefore, expired by its own limitations.

This was an action at law on a life insurance policy.

George H. Durham, R. W. Emmons, and V. H. Faben, for plaintiffs. Struve, Allen, Hughes & McMicken, for defendant.

---

[1] As to state laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

HANFORD, District Judge. This is an action by the beneficiaries named in a life insurance policy issued by the defendant. By a written stipulation, a jury was waived, and the case has been tried and submitted upon the pleadings, evidence, and arguments; and, upon due consideration, I find that the policy was issued by the defendant at its office in the city of New York on the 26th day of January, 1892, insuring the life of Homer M. Hathaway, of Pomeroy, in this state, for the sum of $3,000, in favor of his wife and son, who are the plaintiffs in this action. The contract is a New York contract, to be performed in the state of New York, and as to all the rights and liabilities of the parties the law of the state of New York must govern. The policy declares that the Mutual Life Insurance Company of New York will pay at its home office, in the city of New York, unto Caroline L. Hathaway and Horace C. Hathaway, son of Homer M. Hathaway, their executors, administrators, or assigns, $3,000, upon acceptance of satisfactory proofs at its home office of the death of said Homer M. Hathaway during the continuance of the policy, upon specified conditions, and subject to the provisions, requirements, and benefits stated on the back of the policy. The annual premium of $113.10 was required to be paid on the delivery of the policy, and thereafter to the company, at its home office, in the city of New York, on the 26th day of January of every year during the continuance of the contract, until premiums for 20 full years should be fully paid to said company. This contract is not an assurance for a single year, with a provision for renewal from year to year by paying the annual premiums; but it is the kind of a policy which the supreme court of the United States, in the case of Insurance Co. v. Statham, 93 U. S. 24–37, 23 L. Ed. 789, declared to be "an entire contract of assurance for life, subject to discontinuance and forfeiture for nonpayment of any of the stipulated premiums." When the contract was made, a statute of New York, viz. chapter 321 of the Laws of New York for the year 1877, prescribed that no life insurance company doing business in the state of New York should have power to declare forfeited or lapsed any policy thereafter issued or renewed, by reason of nonpayment of any annual premium or interest, or any portion thereof, unless a prescribed notice should first be given in a prescribed manner, and that payment made within the time limited by such notice should be taken to be in full compliance with the requirements of the policy in respect to the payment of the premium or interest, notwithstanding any contrary stipulation contained in the policy, and further providing that "no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of 30 days after the mailing of such notice." In the year 1892 there was a complete revision of the insurance law of the state of New York, and the new statute contained a substitute for the section in the law of 1877, prescribing the notice to be given as a prerequisite to the forfeiture of a policy for nonpayment of premiums. That section of the law of 1892 is, by its terms applicable only to policies subsequently issued or renewed. By another section, chapter 321 of the Laws of 1877 is declared to be repealed. Another section contains the following saving clause:

"The repeal of a law, or any part of it specified in the annexed schedule, shall not affect or impair any act done, or right accruing, accrued, or acquired, or penalty, forfeiture or punishment incurred prior to Oct. 1, 1892, under or by virtue of the laws so repealed, but the same shall be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such laws had not been repealed."

Another section provides that the provisions of the new law, as far as they are substantially the same as the laws existing on September 30, 1892, shall be construed as a continuation of such laws, modified or amended according to the language employed, and not as new enactments.

It is my opinion that the rights of the parties under the policy of insurance in suit were not affected or changed by the new legislation of 1892. Conceding that the statute of 1877 prescribing the notice to be given was repealed, still there was no interval of time intervening after the repeal of that law, and before the substituted section became effective, within which the insurance company could have claimed a forfeiture of the policy for nonpayment of the premium; and under the law of 1892 the policy could not be forfeited for nonpayment of the premium until 30 days after the mailing of the prescribed notice. In the year 1897 the law was again amended, and section 92 of the law of 1892, which saves life insurance policies from forfeiture for nonpayment of premiums unless the prescribed notice shall have been given, was re-enacted, but with such a change of phraseology as to change the effect so as to only save policies from forfeiture for a period of one year after a premium has been due and unpaid, and with an additional provision barring actions on policies after the lapse of one year from the date of a default in the payment of any premium. No premiums on the policy in suit have ever been paid, except the first annual premium, which was paid at the time the policy was delivered, and the statutory notice was never given. Under the statutes of New York in force prior to the 8th day of April, 1897, the policy was kept alive, notwithstanding the nonpayment of the premium, by the mere failure of the insurance company to proceed in the manner prescribed by the statute to declare a forfeiture. The sole question to be decided in the case is whether the amendment of the law of 1892 by the act of 1897 had the effect to terminate the contract between the parties immediately, and to bar an action upon the policy after the death of the insured, which occurred subsequent to the date of said statute.

The plaintiffs make strenuous objections to consideration of the statute of 1897, on the ground that the same has not been pleaded; but I consider the objections to be without merit, for two reasons: In the first place, this is a court of the United States, and it is required to have judicial knowledge of the general laws of the different states which affect the rights of litigants. The defendant issued the policy in suit for the gain expected by receipt of the annual premiums to be paid by the insured. By failure to pay the premiums, and by the express provisions of the contract, the defendant would be absolved from liability, but for the statute laws of the state of New York; and this court cannot enforce a right based entirely upon the New York statutes, and at the same time ignore those statutes.

In the second place, the statutes of 1877 and 1892 upon which the plaintiffs rely were not pleaded by the plaintiffs in their complaint, but are set up as affirmative matter in their reply. Now, by pleading these statutes in the reply, the plaintiffs have tendered an issue which, according to the practice under the Code, cannot be met by further pleading on the part of the defendant, except by a demurrer; but an issue of fact arises, and the defendant may controvert the allegations, or avoid the effect thereof, according to the truth, either by showing that the statutes which the plaintiffs have pleaded in their reply never existed, or that they have been repealed or amended, without filing any rejoinder to the reply. The act of 1897 permits life insurance companies doing business in the state of New York to forfeit their policies for nonpayment of the premiums, and without giving the prescribed notice, but only after the lapse of one year from the date on which the unpaid premiums become due and payable, and bars an action upon a forfeited policy unless it be commenced within one year from the date of default in the payment of the premium for which the forfeiture is claimed. There is no express declaration in the statute making it applicable to policies which were issued prior to the amendment, and there is nothing to indicate an intention of the legislature to make the new law retroactive. On the contrary, the statute refers to "any policy hereafter issued or renewed." The questions involved in the decisions of this court and of the circuit court of appeals for the Ninth circuit in the case of Phinney v. Insurance Co., 67 Fed. 493; Society v. Nixon, 26 C. C. A. 620, 81 Fed. 796; Same v. Trimble, 27 C. C. A. 404, 83 Fed. 85; Insurance Co. v. Dingley, 35 C. C. A. 245, 93 Fed. 153; and Insurance Co. v. Hill, 97 Fed. 263,—are entirely different from the main question decided in the case of Rosenplanter v. Society, 91 Fed. 728; Id., 37 C. C. A. 566, 96 Fed. 721. I feel entirely free to concur in the opinions in the latter case, and I assent to the general proposition that existing rights which do not rest upon agreements of the parties, nor upon any consideration of value received, but only hang upon arbitrary provisions of paternal statutes, may be cut off at any time by act of the legislature which created them, without impairing the obligations of contracts. But, to cut off existing rights, the act must contain explicit declarations of its purpose to cut them off, or its provisions must necessarily cut them, as would be the case where the statute upon which they depend is repealed, without a saving clause. The courts will not presume that a new statute was intended to cut off any existing right, when there is no express declaration of such intention, for the reason that it is contrary to the policy of our government to construe statutes so as to make them operate retroactively. In the Rosenplanter Case the policy under consideration was a term policy, and expired by its own limitations, unless it was renewed by the omission of the insurance company to proceed according to the provisions of the act of 1877 to effect its forfeiture. It was not kept alive by the statute of 1892, because it belonged to the excepted class, and it was not protected by the act of 1877 after the repeal of that act. The policy in suit was not issued or renewed after the statute of 1897 was

passed, and therefore it does not come within the purview of that statute. As it is not a policy which had to be renewed periodically in order to keep it alive, there was not even a constructive renewal of it, by force of the statute against forfeiture. I direct that findings be made in accordance with this opinion, and a judgment will be entered thereon in favor of the plaintiffs for the amount of the policy, with interest, after deducting all unpaid premiums, with interest, to be computed at the New York rate.