## WHITEHEAD v. JEFFERSON.

No. 4932. Opinion Filed September 7, 1915.

(151 Pac. 681.)

1. **VENDOR AND PURCHASER—Vendor's Lien—Foreclosure—Venue.** A suit for the recovery of money due for the purchase price of real property is properly instituted in the county where the land is located, when a vendor's lien against the land is sought.

2. **EVIDENCE—Documentary Evidence—Statements of Party in Interest.** Ordinarily, statements, whether under oath or not, made by a party in interest relative to the matter in controversy, are admissible when offered by the other party to the suit, and evidence of prior statements can be proven by the introduction as a witness of a party who heard the statements and can testify to what was said, or if the statements desired to be introduced in evidence were made in a court proceeding and taken down by some person authorized by law to certify to their correctness, then, if properly certified to, or if the person who took the same down, no matter whether authorized by law to certify to the same or not, is produced as a witness and will swear that he prepared the instrument containing the proffered testimony, and that the same contained a true and correct statement of the party, then the instrument so identified should be admitted as evidence.

3.    **EVIDENCE—Vendor and Purchaser—Competency—Testimony as to Value.** Evidence as to the value of the land in controversy at the time of its purchase, in actions of this nature, is properly admissible; but before a witness will be permitted to testify as to its value he must first show to the court that he is possessed of sufficient information on the subject, so as to qualify him as a witness thereon, and whether or not the witness so qualifies himself is a matter for the court's determination, and a ruling thereon is left largely to the sound discretion of the court.

(Syllabus by Mathews, C.)

*Error from District Court, McCurtain County;*
*Summers Hardy, Judge.*

Action by Ellis Jefferson against James E. Whitehead. Judgment for plaintiff, and defendant brings error. Affirmed.

*James E. Whitehead, in pro. per.*

*E. C. Armstrong* and *A. G. Etheredge,* for defendant in error.

Opinion by MATHEWS, C.   This action was instituted in the district court of McCurtain county by defendant in error, who will hereinafter be styled plaintiff, against the plaintiff in error, hereinafter named defendant, to recover the sum of $200, which plaintiff alleged was due him as the balance of the purchase price for his interest in a tract of land sold by him to defendant. Plaintiff also asked for a vendor's lien upon the premises for the amount found due him. Defendant was served with summons in Pittsburg county. The case was tried to a jury, and verdict returned for the amount sued for. Judgment based thereon was entered against defendant, with a vendor's lien upon the premises in controversy, as prayed for.

In the trial court, the defendant first moved to dismiss the action for lack of jurisdiction in McCurtain

county, which motion was denied, and the action of the court thereon is made the basis of the first assignment of error here. The motion to dismiss was correctly overruled by the court, for the venue of the action was in McCurtain county, where the land upon which the lien was claimed is located. Section 4671, Rev. Laws 1910, provides that action for the determination, in any form, of any right or interest in real property, or for the sale of real property under a lien or other incumbrance or charge, shall be brought in the county where the real property lies.

Defendant next assigns as error the ruling of the court in sustaining an objection to the introduction of an instrument which purported to contain the testimony given by plaintiff before what is termed an "arbitration board." Ordinarily, statements, whether under oath or not, made by a party in interest relative to the matter in controversy, are admissible when offered by the other party to the suit, and evidence of prior statements can be proven by the introduction as a witness of a party who heard the statements and can testify to what was said, or if the statements desired to be introduced in evidence were made in a court proceeding and taken down by some person authorized by law to certify to their correctness, then, if properly certified to, or if the person who took the same down, no matter whether authorized by law to certify to the same or not, is produced as a witness and will swear that he prepared the instrument containing the proffered testimony, and that the same contained a true and correct statement of the party, then the instrument so identified should be admitted as evidence; but the written testimony offered in this case, of the rejection of which the defendant now complains, filled none of the above requirements. The court is not advised what legal status the "arbitration board" had; but it ap-

pears that it had none whatever, and, even though it had a legal status, the instrument offered in evidence is not certified to by any one, and the party who made the same was not produced to testify to its correctness.

The next assignment of error involves the action of the court in sustaining an objection to the testimony of witness Scott as to the value of the land in controversy at the time of its purchase by defendant. Evidence as to the value of the land in controversy at the time of its purchase, in actions of this nature, is properly admissible; but before a witness will be permitted to testify as to its value he must first show to the court that he is possessed of sufficient information on the subject to qualify him as a witness thereon, and whether or not the witness so qualifies himself is a matter for the court's determination, and a ruling thereon is left largely to the sound discretion of the court, and we think the court in this case properly rejected the testimony of the witness. To the very indefinite question propounded to the witness as to whether he was acquainted with land values in the county, he gave the yet more indefinite answer that he knew as much about it as any man who had no better sense than he had. *Western Union Tel. Co. v. Coyle,* 24 Okla. 740, 104 Pac. 367.

Plaintiff, over the objection of defendant, introduced in evidence the deed from plaintiff to defendant, showing a consideration of $400. Defendant urges that the deed was incompetent evidence for this purpose. This question would ordinarily present some difficulty, as it appears that our court has not passed directly upon the proposition, and the decisions thereon from other states are hopelessly in conflict; but, as we view the exact question here presented, it will be unnecessary to decide the propositions urged by

defendant. It appears that the plaintiff in this case is a full-blood Indian, unable to read or speak English, and it is a matter of common and general knowledge that parties dealing with Indians of this grade always transact the entire business of drawing the papers, and the Indian is a mere silent onlooker, who knows nothing about their contents, and obediently executes what is presented to him for his signature. It would be manifestly unfair for such a party to be estopped by such transactions, when the party urging estoppel was the sole author of the instrument in question. To say the least of it, if the deed did not speak the truth, the defendant knew that fact. In cases like the one at bar, the grantee occupies the position usually occupied by the grantor, and the rule which the defendant here seeks to have applied to the plaintiff, in our opinion, rebounds upon himself.

The rule laid down in the foregoing paragraph applies with equal force to the next two assignments of error. The grantor being a full-blood Indian, before he could legally convey his interest in the land, which was the allotment of his deceased wife, it became necessary to obtain the approval of the county judge of McCurtain county of the transaction, and to get the matter properly before the said judge a petition was filed in his court, setting out the fact that the interest of plaintiff had been sold to defendant for a consideration of $400, and asking for his approval of the conveyance for that amount, and this petition was introduced in evidence by the plaintiff as tending to show that the consideration for the interest in the land was $400, instead of $200, as contended by defendant. The objection to this petition urged by defendant was that it was a self-serving declaration, and an *ex parte* statement of the plaintiff. In the ordinary cases, this objection might be well

taken; but, if this transaction took the usual and ordinary course followed in the purchase of lands from Indians of the grade of the plaintiff in this case, then the defendant himself, or some one acting for him and under his direction, prepared that petition and filed it, and the Indian plaintiff was ignorant of its contents. If it had been read to him, which is not probable, he would not have comprehended it, and we cannot hold to the doctrine, here urged by defendant, that the plaintiff should be estopped by the conduct of defendant himself. If the defendant himself, or some one acting under his instructions, did not prepare and file the petition before the county judge, then he should have let that fact be known, because that is the usual way such business, where a full-blood Indian is one of the parties, is transacted, and, if estoppel applies here, then it operates against the defendant. The same argument applies to the decree of the county judge approving the sale of the interest of the plaintiff in the land to defendant for a consideration of $400.

The controversy herein arose over the amount defendant agreed to pay plaintiff for his interest in the land. Plaintiff says he was to get $400 therefor, and that he had only been paid $200, and that he was yet due $200, while the defendant contended that he was to pay $200 only, and that he had paid over this sum in cash to the plaintiff. The matter was submitted to a jury under the instruction of the court, which must have been acceptable to the defendant, as no exception to the same is urged here; and the jury, having heard the evidence, decided in favor of plaintiff, and there is sufficient evidence to support the verdict.

For the reason given, the judgment should be affirmed.

By the Court: It is so ordered.