**STATE ex rel. MORRISON v. CITY OF MUSKOGEE et al.**

No. 8884—Opinion Filed April 30, 1918.

(172 Pac. 796.)

**1. Pleading—Motion to Dismiss—Answer.**

The nature of a pleading is determined, not by the title given it by the pleader, but by the subject-matter thereof, and a pleading in the form of a motion to dismiss, and so styled, setting up defensive matters, cannot be considered as a motion, but may be treated as an answer.

**2. Municipal Corporations—Officers — Payment of Money—Powers — Taxpayers' Suit.**

The officers of a city are without lawful authority to pay out money of the city for the purpose of causing a railway company to establish or retain its shops in such city, and if this is done the city officials taking part in the transaction and the railway company receiving the money are liable to the city for double the amount thereof. In case the city after written demand of at least ten resident taxpayers refuses, fails or neglects to bring suit for the recovery of the same, any resident taxpayer may maintain an action in the name of the state in which the city is made a party defendant against such officers and the railway company for the penalty in twice the amount of the money so unlawfully appropriated; one-half of the recovery to go to the plaintiff as a reward, the remaining one-half to be recovered for the use and benefit of the city.

**3. Same—Unlawful Appropriation of Money —City's Failure to Sue—Suit by Taxpayer.**

When a city refuses, fails, or neglects to bring suit when money has been unlawfully paid out or property unlawfully transferred by city officials, after written demand by ten or more resident taxpayers that such suit be brought, and thereafter an action is begun by a resident taxpayer to recover the penalty prescribed by sections 6777 and 6778, Rev. Laws 1910, the resident taxpayer bringing the suit has a substantial interest in the cause of action, which is not affected by a suit subsequently brought by the city.

**4. Same—Sureties on Official Bond — Liability.**

The sureties on the official bonds of city officials against whom a suit has been lodged by a resident taxpayer to recover the penalty prescribed by sections 6777 and 6778, Rev. Laws 1910, are not liable on such bonds to plaintiff in such suit, and are not proper parties thereto.

(Syllabus by Stewart, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by State of Oklahoma, on the relation of G. W. R. Morrison, against the City of Muskogee and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with directions.

Chas. Bagg, for plaintiff in error.

O. L. Rider, for defendant in error Southern Surety Co.

Opinion by STEWART, C. The action in this case was brought by a resident taxpayer of the city of Muskogee under section 6777 and 6778, Rev. Laws 1910, which read as follows:

6777: "Every officer of any county, township, city, town, or school district, who shall order or direct the payment of any money or transfer of any property belonging to such county, township, city, town or school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any such county, township, city, town or school district by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made shall be jointly and severally liable in damages to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county, township, city, town or school district affected, for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of such county, township, city, town or school district or, of any resident taxpayer thereof, as hereinafter provided."

6778: "Upon the refusal, failure or neglect of the proper officers of any county, township, city, town or school district, after written demand made upon them by ten resident taxpayers of such county, township, city, town or school district, to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to such county, township, city, town or school district, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent or void contract, made, or attempted to be made, by any of its officers for any such county, township, city, town or school district, or for the penalty provided in the preceding section, any resident taxpayer of such county, township, city, town or school district affected by such payment or transfer, after serving the notice aforesaid and after giving security for cost, may, in the name of the state of Oklahoma as plaintiff, institute and maintain any proper action which the proper officers of the county, township, city, town or school district might institute and maintain for the recovery of such property, or for said penalty; and such municipality shall in such event be made defendant, and one-half the amount of money and one-half the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section, shall be paid to such resident taxpayer as a reward."

The substantial allegations in plaintiff's petition are that the plaintiff is a resident taxpayer of the city of Muskogee, Okla., and that the defendants James King, Joe McCusker, and W. N. Patterson as the duly qualified and acting commissioners, and the defendant Franklin Miller as the duly qualified and acting mayor of the city of Muskogee, such officers constituting the city council of such city, did on the 28th day of March, 1916, in pursuance of a contract and agreement with the defendant Midland Valley Railroad Company, cause the amount of $70,000 to be paid to the Midland Valley Railroad Company for the purpose of retaining the shops and general offices of such company at the city of Muskogee, such $70,000 being appropriated out of a fund of $80,000 arising from the sale of bonds issued by the city for the purchasing of additional sites for public parks; that the defendant Midland Valley Railroad Company accepted and used the money so appropriated; that on the 7th day of May, 1916, and again on the 14th day of July, 1916, there was duly served upon the proper officers of the defendant city of Muskogee a written demand of more than ten resident taxpayers of such city that the city institute or cause to be instituted and prosecuted proceedings for the recovery of the penalty arising because of such money being so unlawfully appropriated and paid to the defendant Midland Valley Railroad Company; but such officers and each of them refused, failed, and neglected to do so. Plaintiff asked for judgment in the sum of $140,000 against the defendants James King, Joe McCusker, and W. N. Patterson, Frank Miller, Midland Valley Railroad Company, and certain surety companies named who were sureties on the official bonds of the municipal officers so named; the city of Muskogee being made a party defendant as required by statute. The action of plaintiff was begun on the 1st day of September, 1916. On September 28, 1916, the defendant city of Muskogee filed a pleading which was styled "Motion to Dismiss," setting forth the following alleged grounds for dismissal, to wit:

"First. That on the 29th day of September, 1916, suit was filed by the city of Muskogee to recover the amount so unlawfully expended; the same being filed within six months after the right thereof accrued, and more than six months before said cause was barred by limitation. Second. That said cause was prematurely brought, in that the time for the bringing of such action by the city of Muskogee had not expired, nor had said city refused to bring said action or been guilty of laches. Third. That a reasonable time had not expired from the giving of the notice by the taxpayers to the city officials before the bringing of plaintiff's action."

The motion to dismiss, filed by the defendant city of Muskogee, is without precedent in the judicial procedure of this state. The trial court was not authorized to consider the matters set forth in a motion to dismiss.

The nature of a pleading filed, however, is determined, not by the title given the same by the pleader, but by the subject-matter thereof, and it will be readily discovered that the so-called motion partook both of the nature of a demurrer and an answer. As a demurrer and an answer cannot be combined under our procedure, the utmost consideration that can be accorded the pleading would be to give it the effect of an answer and, if, considered as an answer, the same raised any material issue between the plaintiff and defendants, it was the duty of the court, in the absence of further pleading or amendment, to try the cause on the issue so raised. This the court did not do, but without the introduction of any evidence, dismissed the plaintiff's cause of action.

It has been settled by former holdings of this court that such facts as are set forth in plaintiff's petition constitute a cause of action in favor of a resident taxpayer and against officials so appropriating the funds of the municipality and against those to whom and for whose benefit such money was paid. State ex rel. Schilling v. Oklahoma City et al., 67 Okla. 18, 168 Pac. 227; Territory ex rel. Johnston et al. v. Woolsey, 35 Okla. 545, 130 Pac. 934; McGuire v. Skelton et al., 36 Okla. 500, 129 Pac. 729. In State ex rel. Schilling v Oklahoma City, it was held that the action being for a penalty fixed by statute for unlawfully allowing and paying out moneys of a municipality, the sureties on the official bonds of the municipal officers are not liable; it must therefore follow that plaintiff's petition did not state a cause of action against the surety companies mentioned as defendants. Such being the law, the dismissal of the cause of action as to such surety companies will not be disturbed. The petition, however, states a cause of action against the city officials and the Midland Valley Railroad Company, and under the statute the city of Muskogee was properly made a party defendant. Under the allegations in the petition, the plaintiff was authorized to maintain an action for the full amount sued for: one-half of the recovery to belong to the plaintiff as a reward, the remaining one-half to be for the use and benefit of the city. Considering the motion to dismiss as an answer, we must hold that the first ground does not state a defense. The action brought by the city of Muskogee on the 29th day of September, 1916, does not affect the action brought by the resident taxpayer on September 1, 1916. In State ex rel. Schilling v. Oklahoma City, supra, this court says:

"Defendants say that the plaintiff has no real interest in the cause of action, which belongs to the city, and that he is only allowed to use the name of the state for the use and benefit of the city. In the event a recovery is had one-half of the value of the property and one-half of all moneys collected is paid to him as a reward. He is required to give security for costs so as to save the city harmless, and he therefore has a substantial interest in the subject-matter of the litigation."

The second ground cannot be said to raise an issue. Under the allegations in the petition, notice was served both on May 7, 1916, and on July 14, 1916, which is not denied in the motion to dismiss. The statutes do not afford the officers of the city any particular time within which to bring the action, after the written demand, but provide that, on "refusal, failure or neglect" to bring the action after such demand, an action may be brought by any resident taxpayer for the penalty. Assuming that a reasonable time should be allowed to bring action, we are of the opinion that the city, if the allegations of the petition are true, had ample time for such purpose. It is alleged in the so-called motion that the city "had not refused to bring the action," but it is not alleged that the city had not failed or neglected to bring the same, nor is it claimed that the demandants were notified of the willingness of the city officials to bring the suit or of any steps taken toward that end.

For the reasons already advanced the third ground also fails to state a defense.

The cause is reversed and remanded for a new trial, with directions to reinstate plaintiff's petition, to allow the defendants, against whom it is herein held that the petition states a cause of action, to file answer, and that the court proceed otherwise in a manner not inconsistent with the opinion.

By the Court: It is so ordered.