## HARTFORD FIRE INS. CO. v. FRENCH.

No. 22735.   April 16, 1935.

Billups & Billups, for plaintiff in error.

J. L. Trevathan, for defendant in error.

BUSBY, J. The Hartford Fire Insurance Company, a corporation, commenced this action in the district court of Canadian county on September 29, 1929, seeking to recover $45 plus interest and attorney's fee alleged to be due on a promissory note executed by the defendant, S. E. French.

The defendant filed his answer in which he admitted the execution of the note and alleged the same to have been given for the premium on a policy of hail insurance covering his wheat crop. He asserted that during the time the policy was in force his wheat had been damaged by hail, which damage he alleged was covered by the policy. His answer contained a cross-demand for $540 based upon the damage to the wheat crop.

The portion of defendant's answer seeking affirmative relief was styled a cross-petition. The defendant in his brief classifies it as a counterclaim. Certainly it was either a counterclaim or set-off. For the purpose of this decision it is unnecessary for us to point out the distinction between the two, since, in either event, it is classified by the statutes of this state as a part of the answer. See section 206, O. S. 1931; see, also, sections 207 and 208, O. S. 1931. The fact that this cross demand was designated a cross-petition is immaterial, since the nature of a pleading is determined by its contents rather than its name. State ex rel. Morrison v. City of Muskogee et al., 70 Okla. 19, 172 P. 796.

The plaintiff filed a pleading designated a "reply and answer to cross-petition," which was in reality nothing more than a reply setting up new matter. In the reply it was asserted, in substance, that upon being previously notified of the claim for hail damage to the defendant's wheat crop, the plaintiff had, through its adjuster, secured from the defendant a written and signed release by which the defendant released and waived any claim that he might have for hail damage to his crop.

The cause was tried to a jury, resulting in a verdict and judgment in favor of the defendant in the sum of of $455. The plaintiff brings the case to this court on appeal. The parties appear before us in the order of their appearance in the trial court. We shall continue to refer to them as plaintiff and defendant, respectively.

Upon the trial of the case the defendant assumed the burden of proof and proceeded with the introduction of evidence. The evidence introduced by the defendant tended to establish that his wheat crop covered by the policy of insurance had been damaged by hail as alleged in his answer. It also tended to establish that the written release from liability for hail damage (mentioned in the reply of plaintiff as new matter) had been procured from him (the defendant) by fraud and misrepresentation.

It is not contended in this appeal that the evidence produced by the defendant was insufficient either [to establish the damage suffered by him to his wheat crop or to establish the fact that the release from liability was procured from him by fraud.

It is the contention of plaintiff that the trial court erred in permitting the defendant to introduce evidence showing that the release was procured by fraud for the reason that the alleged fraud had not been mentioned in the pleadings.

An examination of the record discloses that the question has been properly preserved for review in this court.

Plaintiff is invoking the well-established rule in this jurisdiction that a person who relies upon fraud as the basis of a claim or defense must plead and prove the same. This rule is too well established as a general proposition to require the citation of authorities.

The defendant, in answer to this contention, asserts that the rule cannot be applied in this case, for the reason that the evidence of fraud was introduced for the purpose of

avoiding a release which first appeared in the pleadings as new matter in the reply. In this connection the defendant points out that under the Code of Procedure as adopted in this state, the reply is the last permissible pleading, excepting, of course, a demurrer to the reply for the purpose of testing the sufficiency thereof. Section 197, O. S. 1931.

Defendant directs our particular attention to the provisions of section 240, O. S. 1931, which reads in part as follows:

"Every material allegation of the petition, not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true; but the allegation of new matter in the reply shall be **deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require. * * *"**

The problem thus presented resolves itself into the following question: Can a defendant, who has not pleaded fraud, prove the same in order to avoid new matter set up in a reply? The parties to this appeal do not call our attention to any previous decision of this court in which the precise question has been considered.

The governing provisions of our Code were adopted from Kansas. In the case of Continental Insurance Co. of New York v. Pearce, 39 Kan. 396, 18 P. 291, 7 A. S. R. 557, the Supreme Court of that state held, in substance, that under the above-quoted provision of the statute new matter set up in a reply should be deemed to be controverted for the purpose of admitting proof to dispute the statements of fact contained in the reply, even though no pleading were filed denying the same. To the same general effect see the earlier Kansas case of Board of Education of the City of Paola v. F. M. Shaw et al., 15 Kan. 33.

While the foregoing cases deal specifically with situations in which the new matter pleaded in the reply was treated as having been controverted by direct denial, it would seem that under section 240, supra, matters in avoidance, such as fraud, for the purpose of avoiding the effect of new matter set up in the reply, would fall within the same rule, since both matters of denial and avoidance are included in the same provision of the statute and treated in the same manner.

The general purpose of substituting the Code for the common law in matters of pleading and procedure is well known and commonly understood. It was intended to simpli-

fy practice. In order to accomplish this purpose the authors of the Code eliminated a portion of the long list of pleadings that were permissible at common law. In the cumbersome procedure in vogue before the Code was adopted, it was possible, after a reply or replication had been filed, to file several other and additional pleadings dealing with the facts in a case, such as a rejoinder, rebutter, surrebutter, etc. In order to eliminate a portion of this pleading, it was necessary to draw the line some place, and those who framed our Code decided that the proper place to call a halt was when the reply had been filed. It was not intended, however, to destroy any substantive right by virtue of the Code, and, in order that none might be destroyed, it is provided by section 240, supra, that matters in direct denial or avoidance of new matter contained in a reply should be deemed to have been pleaded in order that proof thereon might be introduced. If we should, in this case, hold that matters in avoidance of new matter pleaded in the reply should be set up in another and subsequent pleading, no matter what we called that pleading, we would, in effect, re-establish the cumbersome system of pleading which prevailed at common law.

The views herein expressed are in accord with the views adopted by our sister states having similar Code provisions. See Kinney v. Miller, 25 Mo. 576; Sidway v. Missouri Land & Live-Stock Co., 163 Mo. 342, 63 S. W. 705; Wagner-Stockbridge Mercantile & Drug Co. v. Goddard, 33 Colo. 387, 80 P. 1038; Welch v. Bennett, 39 Ind. 136; Hathaway v. Mutual Life Ins. Co. of N. Y., 99 Fed. 534 (dealing with the Code of the state of Washington); Murphy v. Lorwood Cooperage Co., 168 Mo. App. 11, 151 S. W. 191.

In preserving the Code it must necessarily and logically follow that some inconvenience and perhaps hardship will result, since, under the general theory of the law, one of the primary purposes of pleading is to advise the adverse party of the issues he may expect to meet in the trial. When, by virtue of the provisions of the Code, it becomes possible to prove matters in avoidance which have not been pleaded, it must necessarily follow that on occasion litigants will be surprised by the character of evidence introduced at the trial. In the event of such a surprise, trial courts should be liberal in granting continuances for the purpose of enabling a party who is surprised to prepare to meet the issue.

Examination of the record in this case discloses that no effort was made upon the part of plaintiff to obtain a continuance by reason of surprise. Indeed, it would appear that the plaintiff was well prepared to meet the issue presented by the evidence of the defendant. The adjuster who procured the release from the defendant was present at the trial and testified as a witness. Apparently the plaintiff had all the evidence available that it would have been able to produce if it had been advised by the pleadings that the defendant intended to introduce evidence establishing fraud.

The judgment of the trial court was in accord with the views herein expressed, and the same is therefore affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.