## HARRY v. HERTZLER.

No. 28703. April 18, 1939.

Rehearing Denied May 23, 1939.

McCollum & McCollum and W. Lee Johnson, for plaintiff in error.

Roddie & Beckett, for defendant in error.

DAVISON, J. This case is presented on appeal from the district court of Pawnee county. It involves the validity of a quitclaim deed purporting to convey property from husband to wife as against the claim by a creditor of the husband that the same in invalid.

On January 2, 1929, W. M. Harry and others executed and delivered their promissory note for the sum of $5,000 to Nora A. Hertzler, defendant in error herein.

On September 4, 1934, Nora A. Hertzler obtained judgment on the note in the district court of Pawnee county against W. M. Harry and others for the sum of $5,761.90, plus attorney's fees.

On January 16, 1936, an alias execution was issued upon the judgment under which lot nine (9), section one (1), township twenty-three (23) north, range five (5) east, in Pawnee county was seized and sold at sheriff's sale. Nora A. Hertzler, the judgment creditor, was the purchaser. The sale was confirmed and sheriff's deed was executed on the 15th day of February, 1937.

At the time the land was seized and sold the record title was not in W. M. Harry, the judgment debtor. It was in the name of Mary E. Harry, his wife, by virtue of a quitclaim deed purporting on its face to have been executed on the 17th day of May, 1932, but not filed for record in the

office of the county clerk of Pawnee county until the 25th day of September, 1934, some twenty days (20) after the judgment referred to, supra, was rendered.

On April 12, 1937, this action was commenced in the district court of Pawnee county by Nora A. Hertzler, as plaintiff, against Mary E. Harry, George Price, and A. D. Krow to recover possession of and quiet title to the above-described real estate. The plaintiff deraigned her alleged title through the sheriff's deed executed to her, as purchaser, at the sheriff's sale in connection with the judgment mentioned above.

The defendant Mary E. Harry answered plaintiff's petition claiming title under the quitclaim deed from her husband, and presented a cross-petition asking that her alleged title be quieted. Subsequently and before judgment, she dismissed her cross-petition. The defendants Krow and Price defaulted.

The cause was tried to the court without the intervention of a jury and judgment was rendered for the plaintiff, Nora A. Hertzler. The defendant Mary E. Harry appeals, appearing herein as plaintiff in error. Our continued reference to the parties will be by their trial court designation.

In view of the fact that the judgment in the prior action was rendered prior to the recording of the quitclaim deed, it should be observed at the outset of our discussion that a judgment lien "does not attach to the mere record title of land standing in the name of the judgment debtor, but is limited to the actual interest that the judgment debtor had in the land at the time the judgment lien attached." Oil Well Supply et al. v. Cremin et al., 143 Okla. 57, 287 P. 414, 68 A. L. R. 1471: Guaranty State Bank of Okmulgee v. Pratt et al., 72 Okla. 244, 180 P. 376; J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 P. 769. Thus the grantee in a valid unrecorded conveyance of real estate has a superior claim to that of a judgment creditor claiming under a judgment subsequent to the effective date of the conveyance. The substantial rights of the parties to this action, therefore, depend upon the validity of the quitclaim deed.

The plaintiff asserts, and the trial court found, that this deed was given without consideration for the purpose of hindering, delaying, or defrauding creditors, and was therefore void as to the plaintiff, to whom the grantor was at the time indebted. The statute which controls the validity of such

a deed in section 9697, O. S. 1931, Okla. St. Ann. sec. 10) and it reads as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

In order to establish that the deed under which the defendant claims was given without a "fair and valuable consideration" the plaintiff offered in evidence certain testimony of the defendant that was given when she previously appeared as a witness on a hearing held on objections to the confirmation of the sheriff's sale. The transcript of testimony was admitted over the objection of the defendant. The gist of the testimony material to this controversy is expressed in the following excerpt therefrom:

"Q. Now, what consideration did you give your husband for this deed? A. Well, I don't know just exactly how to answer that. Q. Did you pay him any money for it? A. No, sir; I paid him no money for it. Q. Had you ever loaned him any money? A. Well, but very little. I never mentioned it if I did."

Counsel for the defendant now assert that the trial court committed reversible error in the admission of this evidence and in support of their position call our attention to the rule outlining the circumstances under which the testimony of a witness given at a former hearing or trial may be subsequently used as a deposition in judicial proceedings between the same parties. They cite Concordia Fire Insurance Co. et al. v. Wise, Adm'r, et al., 114 Okla. 254, 246 P. 595. They assert that the transcript of testimony here involved was not admissible at all.

The fallacy of this position arises from counsel's misapprehension of the grounds upon which the testimony was admitted. It was competent evidence as the admission of a party to the present litigation even though inadmissible as a deposition.

Statements made by a party to a suit against his interest touching material facts are competent as evidence and may be introduced as admissions (Whitehead v. Jefferson, 51 Okla. 42, 151 P. 681; Alred v. Ray, 54 Okla. 154, 153 P. 664, 7 A. L. R. 1), and the fact that such admissions were made while the party was testifying as a witness in another proceeding does not

militate against their competency nor destroy their probative force. Whitehead v. Jefferson, supra. See, also, Idaho Falls Nat. Bank v. Bennett (Idaho) 247 P. 794; Macomber v. Bigelow et al. (Cal.) 58 P. 312; Isman v. Altenbrand (Mont.) 111 P. 849. For a situation almost identical in all essential respects as the case at bar, see Finch et al. v. Kent (Mont.) 61 P. 653.

The transcript of the husband's testimony given in connection with the objection to confirmation touching the same point (the absence of consideration for the deed) was also introduced in evidence by the plaintiff herein, over the objection of the defendant. The husband is not a party to this suit. Assuming, without deciding, that his testimony on the former hearing was not competent as evidence in this case, we are unable to perceive any prejudicial effect thereof. It was purely cumulative and corresponded to the other proof properly admitted.

The proof then supports the conclusion that the deed was given without fair and valuable consideration. In First Nat. Bank of Barnsdall v. Little et al., 122 Okla. 37, 250 P. 799, we said in paragraph one of the syllabus:

"Under the first part of section 5271, Comp. St. 1921, any conveyance of real estate, made without a fair and valuable consideration, is void as against all parties to whom the maker of the conveyance is indebted or under any legal liability. This is true regardless of whether or not the creditor has reduced his claim to judgment and irrespective of fraudulent intent or insolvency of the maker at the time of conveyance."

See, also, Ward v. Wiggins et al., 73 Okla. 46, 174 P. 231; Lewis, Trustee, v. Manning et al., 123 Okla. 297, 253 P. 281; Vacuum Oil Co. v. Quigg et al., 127 Okla. 61, 259 P. 858; Harris, Trustee, v. Harmon et al., 134 Okla. 116, 272 P. 383; Rye, Trustee, v. McReynolds, 170 Okla. 640, 47 P.2d 897.

Defendant points out that according to her proof the deed was given some two years before it was recorded. However, since the plaintiff was then her husband's creditor, the point is unimportant under section 9697, supra, as interpreted and applied in First Nat. Bank of Barnsdall v. Little et al., supra.

The proof was sufficient to support the judgment of the trial court.

The remaining question presented by the defendant relates primarily to the pleadings. It is asserted in substance that the plaintiff did not plead facts authorizing proof establishing the invalidity of the deed. The question arises out of the particular method chosen by the parties to plead and the subsequent action taken by the defendant in connection with the pleadings.

Plaintiff in her petition alleged ownership of the premises under the sheriff's deed. Defendant filed a pleading denominated an answer and cross-petition which was divided into separate parts labeled respectively "answer" and "cross-petition". In the answer, she set up the quitclaim deed, for the purpose of defeating plaintiff's action. In the cross-petition, she reiterated the same facts and asked that her title be quieted by way of affirmative relief. The plaintiff then filed a reply which was styled a "reply and answer to cross-petition." Subsequently, she filed another pleading called an "amended answer to cross-petition". It was only in this "amended answer to cross-petition" that she set up facts calculated to defeat defendant's claim under the deed.

At the trial, defendant dismissed that portion of her answer called cross-petition. She then took the position and now asserts that when she did so, that portion of plaintiff's pleading called "amended answer to cross-petition" automatically "went out" of the case, and that thereafter plaintiff had no pleading setting forth facts authorizing proof to establish the invalidity of the deed.

The trial court in its discretion permitted plaintiff to proceed on the theory that the "answer to the cross-petition" was a part of the reply and could be considered for the purpose of establishing facts to defeat the new matter set up in the answer. In so doing the trial court was well within the range of its discretion as established by the liberal rules of this court concerning such matters.

In this jurisdiction the rules of pleading are quite liberal. Our decisions record a multitude of instances in which amendments have been permitted during trial (Barber Medicine Co. v. Bradley, 48 Okla. 82, 150 P. 127), and we have frequently pointed out that the substance rather than the form or name of a pleading governs. State ex rel. Morrison v. City of Muskogee et al., 70 Okla. 19, 172 P. 796; Robinson v. Anderson et al., 88 Okla. 136, 212 P. 121. We shall not encumber this opinion with additional authorities on these points.

Here, new matter was not injected into the issues. The most that can be said is that a new application of matter already

154

pleaded was requested and authorized. See Bilby et al. v. Halsell, 105 Okla. 215, 232 P. 379. Incidentally, in view of sections 197, O. S. 1931, et seq., the so-called amended answer to cross-petition was in reality a part of the reply. Compare and consider Hartford Fire Ins. Co. v. French, 171 Okla. 511, 43 P.2d 493. Defendant's argument on this point is without merit.

Finding no error in the judgment of the trial court, the same is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.